# Commonwealth *v.* Weiss et al., Appellants.

*Criminal law—Murder—Indictment — Time — Statute of limitations.*

1. On the trial of an indictment for murder, it is not necessary to prove the exact time alleged in the indictment.

2. Any other time may be shown, if it is prior to the findings of the indictment.

3. The statute of limitations does not apply in cases of murder.

*Criminal law—Murder—Evidence — Confession — Trial — Evidence to be heard in absence of jury.*

4. In a murder trial, where a confession offered in evidence is alleged to have been improperly secured, the weight that should be given to the statements made to the defendants, is entirely a matter for the jury to determine, keeping in view the circumstances that led to the making of the confession alleged to be involuntary.

5. In such case, there is no reason why defendant and his witnesses must be heard in the absence of the jury, where the court, from the facts presented, is satisfied in its own mind that the confession was freely made, but the question is left to the jury.

*Criminal law—Murder—Evidence—Proof of other crime.*

6. Although, as a general rule, a distinct crime unconnected with that laid in the indictment, cannot be introduced in evidence against the accused, yet, where the offenses are so connected that proof of the one necessarily involves proving the other, such proof is admissible.

7. If the act which is proven may indicate the motive or plan of action of defendant, either preceding or following the commission of the crime, and is so closely joined thereto as to show the probability that he was guilty of the offense charged, it can be received in evidence.

8. Where immediately after a killing of one person, the defendants committed a robbery on another person whom they encountered, so as to secure means to escape, proof of such robbery may be shown at the trial for murder.

*Criminal law—Murder—Evidence—Hearsay—Striking out part or all of testimony—Trial.*

9. A trial judge cannot be convicted of error in refusing a motion to strike out all the testimony of a witness, where it appears that only one statement in it was hearsay, and the rest was proper.

*Criminal law—Murder — Evidence — Confession — Promise to prisoner by detective.*

10. A mere statement made by a detective to the prisoner that it would be better for him to tell the truth, does not invalidate a confession made by the prisoner.

*Criminal law—Murder—Remark of district attorney.*

11. An inadvertence of the district attorney in misnaming counsel for the prisoner at the trial, is not ground for reversing a conviction, where it is obvious that it in no way prejudiced defendant.

*Criminal law—Murder—Failure of court to ask prisoner why sentence should not be imposed upon him—Waiver.*

12. Alleged failure of the court to ask prisoner why sentence of death should not be imposed upon him, is not ground for reversal, where it does not affirmatively appear from the record that defendant was not asked, and it does appear that he made no such request particularly where such failure is not pressed on oral argument, and is waived by counsel.

Argued May 18, 1925. Appeals, Nos. 107 and 108, March T., 1925, by defendants, from judgment of O. & T. Mercer Co., April T., 1924, No. 49, on verdict of guilty of murder of the first degree in case of Commonwealth v. Michael Weiss and John Girsch. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before McLAUGHRY, P. J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree on which sentences were passed. Defendants appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Benjamin H. Marks,* with him *George Mashank,* for appellants.—The Commonwealth cannot prove the commission of the crime on the date other than that alleged in the indictment: Com. v. Major, 198 Pa. 290; Com. v. Ryhal, 274 Pa. 401.

The defendant and his witnesses have the right to be heard before the court and out of the hearing of the jury before the admission of the confession to the jury by the court.

The court below erred in admitting the evidence concerning the holdup of Victor Dessano: Com. v. Coles, 265 Pa. 362.

The remark of the district attorney was improper: Com. v. Gibson, 275 Pa. 338; Com. v. Racco, 225 Pa. 113.

*L. R. Rickard,* District Attorney, for appellee.

OPINION BY MR. JUSTICE SADLER, June 27, 1925:

One Turner conducted a gasoline station in Mercer County, and, on the night of March 1, 1924, was murdered, four bullets having been fired into his body from the outside, as the jury has found. Shortly thereafter, two young men, the present appellants, boarding in the same house at the time, were charged with the crime, and later convicted of murder of the first degree. It seems that, for sometime prior to the assault on the deceased, the defendants had been watching his place of business with the idea, as appears by their own confessions, of committing a robbery. From the statements of the prisoners to be found in the record, this was the third or fourth time the two had gone to the station for that purpose. They left their residence in an automobile, and parked the car at the back of the gasoline station on the night of the killing, waiting until the deceased came out and prepared to close his store. Girsch, one of the defendants, stayed in the auto, stationed a few feet away, while Weiss went in, and the latter was apparently met by Turner, whom he then killed. After the first shot was discharged, Weiss fired again three times. The two started back to Wheatland. On

the road they met one Desanno, a tailor, with whom they were acquainted, and assaulted him, taking from his person such money as he had. Having secured funds with which their flight could be continued, they packed their suit cases and went to Youngstown, Ohio, hiring a taxicab for this purpose. They desired to return to Beaver Falls, but the expense was so great as to make this impossible, and it was decided to go to Cleveland and secure work, which purpose was carried out. They were arrested in the latter city, and the confessions as to their participation in the crime followed. It is insisted that these statements were the result of threats, but this question was properly submitted to the jury, which evidently found the claim made to be unjustified. Verdicts of murder of the first degree were rendered in both cases, and the many trial errors, assigned as a basis for a reversal in each case, were argued together.

It is first claimed that the testimony of the witnesses showed the murder to have been committed on the night of March 1, 1924, whereas the indictment named the date as April 19th, one thousand nine hundred and blank, and it is alleged this was prejudicial to the defendants by reason of the fact that their defense was based upon proof of an alibi. The legal question raised has already been passed upon by this court, it having been plainly decided that if the date of the commission of the crime was within the statutory period, the exact time of the commission could be properly shown on trial. The statute of limitations in cases of murder is inapplicable, and therefore a misstatement as to the date was unimportant. "It is not necessary, except where time enters into the nature of an offense, to prove the exact time alleged in the indictment. Any other time may be shown on the trial, if it is prior to the finding of the indictment, and within the period prescribed by the statute of limitations": Com. v. Ryhal, 274 Pa. 401; Com. v. Major, 198 Pa. 290.

The second and third assignments of error are directed to the refusal of the learned court below to hear preliminarily testimony of the defendants as to whether or not the confessions, proposed to be submitted, were voluntary or otherwise. The jury having been excused, evidence, on part of the Commonwealth, was offered to show the circumstances under which the self-incriminatory statements were made. The court was satisfied, as we are, that the facts disclosed required submission of the question to the jury. Later, the defendants attempted to prove that force, threats and promises were used by officers to secure them, and the whole matter was referred to the trial jurors with instructions entirely in accord with the rules frequently emphasized by the courts of this State. There is no reason why the defendants and their witnesses must be heard in the absence of the jury, where the court, from facts presented, is satisfied in its own mind that the confessions were freely made. Of course, if the jury is convinced, after hearing all of the evidence, that any unfair means were employed to secure the self-accusations, it will disregard what was said, and it was instructed to do so in the present case. The weight that should be given to such statements is entirely a matter for it to determine, keeping in view the circumstances that led to the making of the declaration, alleged to be involuntary.

The fourth assignment complains of the admission of evidence to show the assault and robbery of Desanno, already referred to. It followed immediately after the killing of Turner, and was allowed to be considered by the jury as showing that the defendants, in their flight, desired to secure funds so that they might leave the scene of the murder. One of the defendants had no money, and the other but a small sum. It is well recognized in Pennsylvania that proof of independent crimes cannot be admitted (Com. v. Gibson, 275 Pa. 338), unless connected closely with the one for which the prisoners have

been charged.    Although, as a general rule, a distinct crime unconnected with that laid in the indictment, cannot be introduced in evidence against the accused, yet where the offences are so connected that proof of the one necessarily involves proving the other, such proof is admissible: Com. v. Coles, 265 Pa. 362.    But if the act which is proven may indicate the motive or plan of action of the defendant, either preceding or following the commission of the crime, and is so closely joined thereto as to show the probability that he was guilty of the offense charged, it can be properly received: Com. v. Dwyer, 79 Pa. Superior Ct. 485; Com. v. Elias, 76 Pa. Superior Ct. 576.    What has been said with reference to these assignments applies also to the fifth, where objection is made to the admission of testimony of the attempted robbery of the Turner garage shortly before the murder occurred.

Again, it is complained that the evidence of one Heasely was admitted, though objected to as hearsay.    It appeared that, in the automobile, abandoned by the defendants on their trip to Sharon, was a bunch of keys, and that among them two were identified as belonging to lockers of a sheet mill in which the defendants had been employed.    One of these was found by the witness to open the locker used by the defendant Weiss, and he so testified.    This evidence was developed by counsel for the defendants in their cross-examination, and the motion to strike it from the record was not limited to the part in which the witness stated he had been given the number of the locker as belonging to Weiss, but applied to all of his testimony concerning the key and the lockers. We cannot say, therefore, that any reversible error was committed by the court below in declining to strike from the record all that was said by the witness.

The seventh assignment suggests that error was committed by the court below in the statement to the jury that it would have no difficulty in finding that Turner's death occurred by reason of force applied from the out-

side.   No question of fact was withheld from it, and, as
we read the testimony, there can be no doubt that the
shots, which resulted in death, were fired by other than
the deceased.   No reasonable suggestion that the death
was a result of suicide was made to appear.

Defendants averred also an error, in refusing to affirm
the thirteenth point, wherein the court was asked to tell
the jury that, if any promise had been made by a de-
tective to befriend the defendants, in case a confession
was made, it would make necessary the disregard of it
entirely.   The mere statement, by an officer to the de-
fendant, that it would be better for him to tell the truth,
does not invalidate the effect of the incriminatory re-
marks which may be made: Com. v. Spardute, 278 Pa.
37; Com. v. Lewis, 222 Pa. 302.

The next assignment which requires consideration, is
the alleged remark of the district attorney, during the
course of the trial, in which he referred, evidently inad-
vertently, to counsel for defendants as Mr. Markovitz,
his name having been changed, by reason of court action,
to Mr. Marks.   We find no exception in the record, in
the manner required in such cases.   It is improbable that
such a statement could have in any way prejudiced the
defendants in their trial.   Clearly, the record as pre-
sented to us would not justify interference with the con-
viction of the defendants on the ground suggested: Com.
v. Gelfi, 282 Pa. 434.

The last alleged error which it seems necessary to
note, is directed to the failure of the court below to
ask the defendants why the sentence of death should not
be imposed upon them after their conviction, but this
was not pressed on the oral argument.   From the papers
before us, it does not affirmatively appear that the de-
fendants were not given the opportunity to make any
explanation which they might desire,—certainly they
made no such request.   As we view the testimony, no
advantage would be gained by the appellants, even if

there had been a technical failure to call upon the defendants to make any statements desired since, under the facts appearing, it would be necessary to remit the record, so that the defendants could be resentenced (Com. v. Preston, 188 Pa. 429), and this seemed to be the view of the able counsel representing the appellants, which is adopted.

The judgments are affirmed, and the record is remitted for the purpose of execution.