## Commonwealth v. Pugarelli, Appellant.

*Criminal law—Rape—Evidence—Sufficiency—Similar offenses.*

In the trial of an indictment for rape, a verdict of guilty will be sustained, where the evidence on the part of the Commonwealth clearly establishes the commission of the offense.

In such case it is proper to admit testimony of a similar offense committed at the same time.

The rule may be considered well established that evidence of a

collateral crime is not admissible on the trial of a felony or misdemeanor, but this rule is subject to an equally well established exception, where the other crime is contemporaneous with or part of the offense charged in the indictment, and the circumstances surrounding the collateral crime tend to establish or to explain the crime charged. Evidence of such collateral crime may tend to prove confederation, motive or purpose, and to explain or account for what might otherwise be regarded as improbable.

In the trial of an indictment for rape, the court did not err in refusing to withdraw a juror, because the district attorney in the presence of the jury asked the sheriff to take the defendant in custody, because he was late in coming into court, especially where the court instructed the jury to disregard the occurrence and not permit it to affect their verdict.

Argued April 12, 1926. Appeal No. 34, February T., 1926, by defendant, from judgment of O. & T. Luzerne County, February Sessions, 1926, No. 96, in the case of Commonwealth of Pennsylvania v. Victor Pugarelli. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for rape. Before JONES, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to withdraw a juror for the reasons mentioned in the opinion of the Superior Court.

*J. Harold Flannery,* and with him *William W. Hall,* for appellant.

*Edmund E. Jones,* Assistant District Attorney, and with him *Arthur H. James,* District Attorney, for appellee.

OPINION BY HENDERSON, J., July 8, 1926:

The defendant was convicted of statutory rape. The subject of the offence was a girl between twelve and thirteen years of age. A brother of the defendant was driving the defendant's automobile on the evening of November 13, 1925, on one of the streets of Scranton, where he entered into conversation with two girls, Bertha Packocki, the prosecuting witness, and Virginia Baker, and as shown by the evidence offered in support of the prosecution, he invited the girls to take a ride in the car. They accepted the invitation whereupon, after proceeding to an intermediate point, the car was driven to the house of one Marshock where the defendant was engaged in a game of cards. His brother James, who was driving the car, went into the house and in a short time returned with the defendant who joined the party. The car was driven along a private lane or road for a short distance and was there stopped. During the following half-hour or more it was shown by the Commonwealth that the defendant had intercourse with the girl Bertha, and James Pugarelli committed the same act with the other girl Virginia in the automobile which was a closed sedan. Bertha alleged that she resisted the advances of the defendant, but that he succeeded in having intercourse with her against her resistance and outcry. During the time of this occurrence, the brother and Virginia were sitting in the front seat of the car and a little later they exchanged seats with the defendant and Bertha and James had connection with Virginia who alleged that she resisted the attack. Afterwards James drove the car to a place near the home of the girls where they alighted from the car. The court admitted evidence to show the intercourse between James Pugarelli and the girl Virginia against the objection of the defendant. The first three assignments of error relate to this part of the trial. The appellant contends that the evidence showed a distinct offence in no way

related to the charge on which he was tried and that his case was prejudiced by the evidence. The rule may be considered well established that evidence of a collateral crime is not admissible on the trial of a felony or misdemeanor, but this rule is subject to an equally well established exception where the other crime is contemporaneous with or a part of the offence charged in the indictment and the circumstances surrounding the collateral crime tend to establish or to explain the crime charged. Evidence of such collateral crime may tend to prove confederation, motive or purpose, and to explain or account for what might otherwise be regarded as improbable. This is especially true where the acts are substantially concurrent and tend to show a conspiracy to commit the act charged against the defendant: Com. v. Weiss et al., 284 Pa. 105; Com. v. Elias, 76 Pa. Superior Ct. 576. The evidence makes it clear on the admission of the defendant and the testimony of his brother that the purpose of the young men in driving to the place referred to was to have sexual intercourse with the girls who accompanied them, and the court was not in error therefore in admitting the testimony as to the occurrences in the car at the time when, as charged by the commonwealth, the defendant committed the offence of which he was convicted.

The 4th, 5th, 6th and 7th assignments relate to the refusal of the court to withdraw a juror because of a statement made by the district attorney during the progress of the trial. The defendant had given bail for his appearance and on the second day of the trial, he was late in coming into the court, for which reason, the district attorney, as he alleges at the suggestion of the court, asked the sheriff to take the defendant into custody when the court adjourned. It does not appear that the defendant was then arrested or that he was in any way interfered with in the conduct of

his case. The court evidently did not regard the direction of the district attorney to the sheriff as a matter affecting the interests of the defendant at the trial, and declined to require a record to be made of the remarks objected to or to withdraw a juror. A careful examination of the record of the proceeding does not develop reversible error in this action of the court. That the defendant was not in court at the time when his recognizance required him to be there; that his name was called at different times without response, seems not to have been disputed, and the act of the district attorney arose out of that fact. We are unable to see that this occurrence tended in any degree to produce the verdict brought in by the jury. It will be observed, too, that the judge pointedly instructed the jury not to let the incident affect their verdict in any way, but to dispose of the case on the evidence and the law as given to them in the charge. This court refused to reverse in Com. v. Salawich, 28 Pa. Superior Court 330, on a state of facts more substantial than that presented on the record before us. The trial judge could best determine the effect of the district attorney's act: Com. v. Henderson, 242 Pa. 372.

The remaining assignments relate to the charge of the court to which a general exception was taken.

We are not persuaded that the criticism of the charge with respect to the statement of the court to the jury that if they believed the testimony—three of the people who were present testified that the defendant did try, and two of them that he did have intercourse with Bertha,—is well founded. The two girls testified that the defendant did have intercourse with the girl and James Pugarelli testified that Victor tried so to do, but that he desisted because of the size and age of the girl. The evidence of Virginia on that subject was apparently inferential as she was sitting on the front seat; she reached her conclusion because of

the outcry of Bertha. But whether the testimony was correctly stated or not the defendant's counsel directed the attention of the court to the language in the charge used on that point and stated his understanding of the testimony. At that the court said: "Gentlemen of the jury, you have heard the statement of counsel. Let me warn you, not to take the testimony from the court; you take the testimony from the witnesses. You recall what they testified, and, upon that testimony, and upon that testimony only, you decide this case." This was a very proper and emphatic instruction at the close of the charge and left no misapprehension in the minds of the jurors as to their duty to base their conclusion on the evidence without regard to the understanding of the testimony which the court had. Complaint is made that the court devoted more attention to the testimony of the commonwealth than to the defense, but this would necessarily result if any reference to the testimony were made because the commonwealth's case was made up by affirmative evidence involving a considerable narration of the conduct of the parties following the entry of the girls into the automobile. The defense was simply denial of the specific act charged. The defendant admitted he was not only in the car with Bertha, but in the back seat with her for some time; that he had his arms around her and kissed her. There was slight material denial in the case except as to the fact of actual intercourse. The reference of the court to the testimony bearing on the reputation of the defendant was correct and adequate. Taken as a whole the charge was a clear and sufficient instruction to the jury.

The assignments are not sustained. The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which

had not been performed at the time the appeal in this case was made a supersedeas.