## Commonwealth of Pennsylvania v. Habecker, Appellant.

336

Argued March 19, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadt-
feld, Parker and James, JJ.

*Chas. W. Eaby,* and with him *H. Frank Eshleman,*
for appellant.—

*Paul A. Mueller,* District Attorney, and with him *William B. Arnold,* Assistant District Attorney, for appellee.

OPINION BY TREXLER, P. J., July 13, 1934:

The defendant was found guilty of arson. There was no evidence that he actually set fire to the building that was burned, but the Commonwealth endeavored to prove that he was an accessory before the fact. He seeks to set aside the sentence imposed for the following reasons:

First, the fire occurred on April 22, 1933. There had been an attempt made previously to burn the same building. A witness had stated that the first fire occurred on March 4, 1933. This fact had been elicited in a series of questions and answers without any objection being made. There was then a demand for an offer of proof. The attorney for the Commonwealth stated, ''I want to show that he [the defendant] had tobacco there and the motive for burning.'' The court admitted the offer and an exception was taken. There can be no question that the offer is entirely competent. The testimony which was received under the offer is not set out in the assignment, and the offer being a proper one, the assignment must be overruled. It does not require any argument to show that when a building is burned down the party accused of the burning may be shown to have property, in the burned building, which was insured. The same applies to assignments two and three which are addressed to the same subject and which merely state the offer, but do not set out the testimony or bracket it in the record; rules 26 and 36. However, waiving all objections to the assignments of error relating to this

phase of the case, we think that it was competent to prove that there was an attempt to burn the building on March 4th, and that at that time the property of the defendant was in the building. The details of the attempt, the use of gasoline and the declaration of the defendant as to a conversation he had in which he was accused of attempting to burn the building, or at least of being a party to the attempt, although not actually participating, were all parts of the same story and afforded an evidentiary connection between the attempt and the actual burning, so that the proof of one tended to prove the other, which made the testimony as to the former competent. "Whilst independent crimes cannot ordinarily be admitted, but if the act which is proven may indicate the motive or plan of action of the defendant, either preceding or following the commission of the crime and is so closely joined thereto as to show the probability that he was guilty of the offense charged it can be properly received." See Commonwealth v. Weiss, 284 Pa. 105, 130 A. 403; Commonwealth v. Parker, 294 Pa. 144, 151, 143 A. 904; Commonwealth v. Pugarelli, 88 Pa. Superior Ct. 171, and Commonwealth v. Winter, 289 Pa. 284, 137 A. 261.

Second, the next alleged error is that the court failed to discharge the defendant because there was not sufficient proof of guilt. The learned counsel for defendant have presented an elaborate argument in support of this proposition. It would serve no useful purpose to set out the proof produced by the Commonwealth, but a short reference to the following facts will suffice: The long and intimate association with the person conceded to be the principal felon; the inquiries immediately before the fire directly relevant to the ease and means of burning the warehouse; the evasion of interviews with police and later, special preparations to "pep himself up" to meet them; the sudden nervousness and taking to drink, culminating

in a real or feigned suicide attempt; hitherto unheard of interest in religion; pretended insanity, asking how long a jail term he would get and whether or not he should plead guilty; and conveniently forgetting during cross-examination; the presence in the building of a large quantity of tobacco which the defendant had retained during a dull market and which was insured for a large sum; the repetition by the defendant of a conversation he had had with some one who told him that he had not made "a very good job of the first fire" and his failure to make any comment when the person to whom the defendant was relating the incident told him that he could not say the same of the second fire; his signed statement which shows that the burning of the building was discussed between Daft, the person who set fire to the building and the defendant, and that he had knowledge of the intended arson although he denied joining in the purpose.

All these matters, together with the other proof submitted, were for the jury, and were sufficient to sustain the verdict of guilty.

Third, "Did the court err in withdrawing from the jury that the warehouse in question was feloniously burned?" We do not think it did. The particular part of the charge which is objected to was, "There seems to be no doubt that the Burkholder warehouse was burned down. That practically is not controverted. That point seems to be established." All the testimony in the case pointed to such a conclusion, and from a practical standpoint no harm was done to the defendant by this statement. It was a foregone result that, under the evidence, the jury would find that the fire had been of an incendiary origin. Moreover, the court cleared up the matter in its answer to a point submitted by the defendant's counsel, "I desire to say that, before the jury could find the defendant guilty, they would have to find, beyond a reason-

able doubt, that the *warehouse was feloniously burned;* that Daft or a principal unknown had done the burning; and that Ira Habecker was a person who, if he was not present, nevertheless was concerned in the perpetration of the felony.''

Taking the whole charge we think that the question whether there had to be a felonious burning was sufficiently set forth by the court, and that the matter was left to the jury, although apparently it was not controverted at the trial.

Fourth, did the court err in its instruction to the jury as to what constituted an accessory before the fact? The act approved April 25, 1929, P. L. 767, 18 PS Sec. 3022, page 511 provides: that any person who "aids, counsels or procures the burning" of certain buildings shall be guilty of a felony.

The learned trial judge at several places in his charge defined an accessory before the fact as one "who, even if not present, was concerned in the perpetration of a felony." Counsel for the defendant requested the court to define the word "concerned." The answer given was an accessory before the fact is one who plans, cooperates, assists, aids, counsels or abets in the perpetration of a felony. The defendant's counsel apparently were satisfied with the definition for when the court asked whether anything further was desired, the answer was "no." They have now submitted a brief which furnishes abundant evidence of their industry and learning, but which we do not think requires us to go into the fine distinctions existing between the various words employed in defining an accessory before the fact and principals in the second degree, and between aiding and procuring, planning, cooperating and abetting. Without ignoring the argument, we think it sufficient, after a careful consideration of the matter to state that the words "aids, counsels or procures" are sufficiently inclusive

to include the words employed by the court, to wit, plans, cooperates, assists, aids, counsels and abets. The court is not confined to the use of the exact legislative definition. The argument could, no doubt, be advanced, if this were done, that the instructions would be inadequate. The employment of synonymous terms is necessary to present the requisites required to constitute an accessory before the fact. In short by the words employed, the jury knew that they were to ascertain whether the warehouse was feloniously burned and whether the defendant, although not actually present, was a party to the crime in that he aided, counseled *or* procured it.

The judgment is affirmed.