## Commonwealth *v.* DeBasi, Appellant.

Argued December 15, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Edward G. Coll,* for appellant.

*E. T. Adair,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY STADTFELD, J., January 29, 1937:

This is an appeal from a conviction under the Act of 1935, July 1, P. L. 478, No. 195, Sec. 39, clause C (25 Purdon's Statutes No. 946-39), for fraudulently registering on August 20, 1935, in the municipality of Duquesne, a third class city, not being a resident of said municipality, and sentence thereunder by the Court of Quarter Sessions of Allegheny County.

Defendant was tried on two counts under one bill of indictment, one charging conspiracy to register fraudulently; the other charging that he actually registered fraudulently in the municipality of Duquesne, not being a resident of said city.

He was tried before MUSMANNO, J., and a jury on March 11 and 12, 1936. Binding instructions of not guilty were directed to be returned on the first count.

Defendant was convicted on the second count of the said indictment, and on April 7, 1936, was sentenced to pay a fine of 6¼c to the Commonwealth of Pennsylvania, pay costs of prosecution and undergo imprisonment in the Allegheny County Jail for a period of six months.

The Commonwealth called various witnesses to the stand to substantiate the contention of the prosecution that the defendant did register fraudulently as an elector in two election districts of the city of Duquesne, when he was not entitled to be registered as an elector, not being a resident of said municipality.

Sec. 39, clause C of said Act reads as follows: "Any person who *applies* for registration knowing, or having reason to know, that he is not entitled to be registered, or who falsely personates another in an application for registration, or who knowingly offers false naturalization papers to establish his claim to be registered, shall be guilty of a misdemeanor......" (Italics supplied).

The indictment charges the defendant with violation of this Act in substantially the same language as the Act: "......the said Carl DeBasi and other persons whose name and names are to this inquest unknown did on the day and the year aforesaid appear before certain registrars of the City of Duquesne for the purpose of registering as electors of that city of Duquesne, that is to say, did appear before the registrar in the First District in the City of Duquesne, and did register in said City of Duquesne......and did present themselves before the registrars of the Fourth Election District of the First Ward of the City of Duquesne...... and did appear before the registrar of the Second Election District of the First Ward of the City of Duquesne, and did appear before the registrar of the Third Election District of the Third Ward of the City of Duquesne, and did attempt to register as qualified electors of the said election district......the said Carl DeBasi......

not then and there being residents of the said City of Duquesne, and not being qualified electors of the said City of Duquesne, and not having any legal right to be registered as electors of the City of Duquesne.......the said Carl DeBasi......did then and there apply for registration in the Third Election District of the First Ward of the City of Duquesne, and did then and there register as an elector of the said election district, he......well knowing that he was not entitled to be registered as an elector of the said election district ......"

The court, in its charge, separated the indictment into two counts: that is, the conspiracy count and the count charging violation of the registration laws, in registering fraudulently in the municipality of Duquesne.

We are entirely in accord with the contention of appellant that it was incumbent on the Commonwealth to prove such registration is illegal by definite and affirmative testimony that defendant does not live in the designated district and ward, and therefore cannot legally register there.

On behalf of the Commonwealth, Philip S. McDermott was called and testified in part as follows: "Mr. Adair: Q. I believe you are Postmaster at Duquesne? A. That is right. Q. Were you Postmaster on August 20th of last year? A. I was. Q. Was that one of the days set for voters in Duquesne to register? A. Yes, sir. Q. What district do you live in? A. I live in the Third District of the First Ward. Q. Did you go down to register in that district, meaning in the Third District of the First Ward? A. I did. Q. What, if anything, did you see that night out of the ordinary? A. They were lined up there to get registered and in that line there was about four strange men that I knew didn't live in Duquesne or in that district......Mr. Adair: Q. You say four men you didn't know in the

district? A. I did. Q. Strangers to you? A. Yes. Q. Do you see any of those four men in the court room? A. Yes, the defendant there. (Mr. Adair: Witness indicates the defendant, Carl DeBasi.) The Court: Q. You mean he was the four? A. He was one of them. Mr. Adair: Q. What did you see when you saw these four men in line, indicating the defendant? A. The four of them registered in my polling district and they went out, two of them left and got out before the other two, and they had a car parked on Hamilton Avenue, about a half a square away. I went down and took the license number of that car, it was a Nash—I have the license number if you want to have it, it was a Nash Sedan, UA 578. And from there they went down to the next square, to another polling place, the Second District of the First Ward. They were lined up in line to register and I called, I don't know his name, this defendant, his attention that he had registered up above and asked him why he was down there and I told him that he didn't live in town, and he questioned and wanted to know how I knew and I told him my position and that I pretty nearly knew every one in town. He stepped out of line of registry. He didn't get to register there after he registered above. Q. Did you leave there then? A. We talked about five minutes. Q. What did you talk about in those five minutes? A. He wanted me to take a walk and we would settle it up the street or in the alley some place, and of course I told him it was more light here than in the alley and I would sooner stay here. They went up to this car on Hamilton Avenue and got in the car and started towards Pittsburgh, out First Street and thirty minutes afterwards I seen them, they circled and come down the boulevard and went down to Dan Stacy's Hotel. That is where I saw the rest of the cars, five of them, down there. We stayed around there until possibly 11:30, after the registration polls were closed, and all these cars left town. So the next day we came

in to report this matter to the Election Bureau and just by chance as we were going into the Berger Building, there was a coupe parked there, the license number was D-9012. Q. What kind of coupe was it? A. A Plymouth coupe. This defendant was in that car, he was driving the car." On cross-examination, McDermott testified: "Q. I am asking you, how did he register, what did he do? A. The only thing I saw him do was taking the oath."

Mrs. Ida Match, one of the registrars for the Third District of the First Ward, testified in part as follows: "Q. Were you at the polls on registration day of August 20th? A. I was registrar at the time......Q. Well, do you see anybody around here that you saw register that day? A. Can I look around any place? Q. Any place. A. I think this gentleman here in the front seat. Mr. Adair: Indicating the defendant Carl DeBasi. Mr. Coll: Q. You only think that, is that it? A. No, he was in and had no coat on at the time and came in with shirt open and his hair all tossled up, it wasn't combed back like now. Mr. Adair: He registered there in your district? A. Yes. Q. Do you remember under what name? A. That I don't. If I heard all the names and addresses I could remember it. Q. Will this refresh you, if you had your registration book in front of you? A. I think it will refresh my memory, this is alphabetically, I wanted to get—this is not my district, this is the Third Ward, First District, and mine is the First Ward, Third District. Cross Examination: Mr. Coll: Q. You aren't sure when you were asked to identify the man who was there, were you, you said you weren't sure; are you sure? A. I am sure."

While this witness on cross-examination, mistakenly identified another party in the courtroom as one who had been at the polling place at the same time as the defendant, this only went to her credibility.

Edward L. Flaherty, Chief Deputy Sheriff in Crim-

inal Court, a character witness called on behalf of defendant, testified that he knew the defendant, Carl DeBasi, and that the latter lived on Penn Avenue in the City of Pittsburgh, distant about two or three miles from where the witness lived.

Another character witness for defendant, Rev. James R. Cox, Pastor of Old St. Patrick's Church of Pittsburgh, testified that he knew the defendant, Carl DeBasi and that the latter is a parishioner of the witness when he goes to church.

In addition, the following stipulation was entered of record during the trial: "Mr. Adair: I forgot before I close as to the ownership of the Plymouth Coupe. It is agreed between counsel for defendant and counsel for the Commonwealth that license number Pennsylvania 1935 license, D9012 is a license belonging to a Plymouth Coupe owned by Carl DeBasi, *residing at 1213 Penn Avenue, Pittsburgh, Pennsylvania.*" (Italics supplied).

Even if the indictment be held as only accusing the defendant of registering in the Third District of the First Ward, the evidence of registration or attempted registration in other districts was admissible as tending to prove criminal intent requisite to conviction for illegal registration in the Third District of the First Ward: *Commonwealth v. Habecker,* 113 Pa. Superior Ct. 335, 173 A. 831, citing *Commonwealth v. Weiss,* 284 Pa. 105, 130 A. 403; *Commonwealth v. Parker,* 294 Pa. 144, 151, 143 A. 904; *Commonwealth v. Pugarelli,* 88 Pa. Superior Ct. 171, and *Commonwealth v. Winter,* 289 Pa. 284, 137 A. 261.

Even if we disregard the failure to enter objection or take exception to the testimony referred to when offered, we see no basic or fundamental error which would warrant a reversal.

The evidence, if believed, showed that the defendant registered in the Third District of the First Ward and the Fourth District of the First Ward, in the City of

Duquesne, and that he lived on Penn Ave., in the City of Pittsburgh. Even if there had been no testimony concerning defendant's residence, the proof of registering twice in two different districts indicates that in at least one he was an unqualified elector. Defendant was not entitled to peremptory instructions in his favor.

The testimony, if believed, established the fact that defendant registered in the Third District, First Ward of the City of Duquesne, and that he was a non-resident in said election district and not qualified to register therein.

All of the matters referred to, were for the jury, and were sufficient to sustain the verdict of guilty.

The assignments of error are overruled and the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.