Commonwealth *v.* Darnell, Appellant.

Argued March 21, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (HIRT, J., absent).

*B. S. Ochman,* for appellant.

*Alfred C. Alspach,* First Assistant District Attorney, with him *William C. Storb,* District Attorney, for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

The defendant and three others were indicted, tried and convicted of a robbery and assault. Defendant, who was not present at the crime, was found guilty as both an accessory before the fact and after the fact. He has appealed alleging several errors by the trial judge and asks for a new trial.

Defendant first complains of an improper charge as to the definitions of accessory, both before and after the fact. The trial judge charged as follows:

"An accessory in law is one who in some manner is connected with a crime either before or after its commission or perpetration. An accessory before the fact is one who aids or abets the commission of a crime, but who is absent when the crime is actually committed. An accessory after the fact is one who aids or abets the principal offender or offenders after the commission of the crime. An accessory after the fact is one

who receives, comforts or assists another, knowing that he has committed a felony. These things are necessary to be proven: 1st, that the felony must have been completed; 2nd, that the person charged with being an accessory must have done some act to assist the felon personally; and, 3rd, that he must have known when he assisted him that the party had committed a felony.

"If you find from the evidence that Charles Darnell did not aid or abet in the commission of this crime, although not present at its commission, it is your duty to acquit him. On the other hand, if you find he did aid and abet in the commission of this crime, it is your duty to convict him as he stands indicted. What if anything did Darnell do in the commission of the offense before it was committed: Did he plan to do anything leading to or connected with the actual crime or offense committed by the principals?"

In *Com. v. Habecker,* 113 Pa. Superior Ct. 335, 173 A. 831, we approved a charge defining an accessory before the fact as "one who plans, cooperates, assists, aids, counsels or abets in the perpetration of a felony." See also *Com. v. Mourar,* 167 Pa. Superior Ct. 276, 74 A. 2d 732. The charge in this case was adequate, especially in light of the testimony, which clearly disclosed that this defendant was the mastermind behind this crime. The charge includes the words "aids, abets and plans", which are really the substance of the crime of accessory before the fact. In view of the testimony the jury could not have been misled by this charge into believing that only a very slight and tenuous connection with the crime would be sufficient. The court's charge as to an accessory after the fact sets forth three requirements and is so patently proper and adequate as to require no discussion.

Exception is also taken to the failure of the court to withdraw a juror because of certain remarks by the

district attorney in his closing address. Defense counsel, who addressed the jury first, remarked that the jury should not think ill of defendant because he failed to take the witness stand, since it was intended to save the time of the jury and of the court. The district attorney then asked the jury if the reason for defendant's failure to testify was due to the reason given by defense counsel or whether there was some other reason. Generally, comment on a defendant's failure to testify is forbidden by the Act of May 23, 1887, P. L. 158, Section 10, 19 PS §631. However, the remarks of defense counsel as to the alleged reason for defendant's failure to testify were so patently absurd and gratuitous as to evoke some sort of response from the district attorney. The latter's reply was reasonable and restrained under the circumstances and intended merely to negate the reason set forth by defense counsel.

Objection is made to the admission of testimony by a girl who was formerly employed by the victim of this robbery. She testified that defendant requested and received from her information as to the victim's money and his safe and that defendant arranged for her to secure the victim's absence from his premises on two occasions. Defendant alleges that this testimony was too remote and irrelevant to establish proof as an accessory before the fact, because the witness' conversations with defendant took place eight months prior to the robbery. There is no particular period of time to which accessoryship is limited. *Wharton's Criminal Law*, Vol. 1, Sec. 275; *American Jurisprudence*, Vol. 14, p. 836. The lapse of time here would go merely to the weight of the testimony and not to the admissibility.

Defendant also contends that there was error in the charge in respect to testimony of an accomplice.

The defendant was directly implicated in this crime by one Hartman, who was admittedly one of three men who actually committed the robbery and assault in this case. The judge charged as follows:

"The testimony of an accomplice in crime must be received by the jury with caution and this jury is instructed to scrutinize carefully such testimony before giving it much weight. In a criminal prosecution the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction. However, the jury must consider the corrupt source of an accomplice's testimony and the jury must consider all the evidence appearing in the case, to determine whether the testimony of a witness as an accomplice may be safely relied upon." Such a charge is clearly sufficient and free from error. "A trial judge should warn the jury of the corrupt source of an accomplice's testimony but the form of instruction lies within the discretion of the court." *Com. v. Cunningham*, 161 Pa. Superior Ct. 276, 53 A. 2d 885. This jury was specifically instructed to scrutinize carefully the accomplice's testimony and to consider the corrupt source thereof.

The final assignment of error alleges insufficient evidence to sustain the conviction. The female witness testified as to defendant's interest in the victim's money and situation and to his attempts to have the victim removed from the scene. The accomplice testified that he shared one quarter of the stolen money with defendant, who admittedly was the one who got all the $100 bills changed into smaller denominations; that the divisions of the spoils occurred in Philadelphia within hours of the robbery, which took place in Lancaster County; and that defendant immediately asked questions showing he knew and conspired in the entire scheme. A complete review of the testimony reveals that it is sufficient to sustain the conviction. The

inference is clear that defendant was the original plotter and arranged the entire scheme; that he knew exactly when and where it was to occur and arranged to have the actual principals in the crime meet him afterward in Philadelphia and divide the spoils, which was done. The defendant has had a fair trial and has been properly convicted.

Judgment of sentence affirmed and it is ordered that appellant appear in the court below and be committed until he has complied with the sentence.