## Commonwealth v. Miller

Peter F. Cianci, Assistant District Attorney, for Commonwealth.

L. G. Gajewski, for defendant.

HESS, J., February 3, 1958.—Defendant Margaret Miller, alias Margaret "Midge" Williams, was tried by a jury under a bill of indictment charging her with having been an accessory before the fact to robbery. The jury returned a verdict of guilty and the proceeding is now before the court en banc on defendant's motions in arrest of judgment and for a new trial. The facts of the case are fully set forth in an opinion filed this day in the matter of Commonwealth v. Charles Jackson and Gilbert R. Jackson, alias Sweet Man, no. 8, September sessions, 1957, and need not be repeated.*

Under both motions, the only question raised is whether the Commonwealth proved an agreement between defendant and her confederates to commit the crime of robbery. The Commonwealth contended that defendant suggested and aided in planning the robbery of John Briggs and lured or accompanied him to the scene of the robbery. Defendant denied that she had anything to do with suggesting or planning the crime, and was in Brigg's company, at the time he was assaulted, as a social friend and for no other reason. In

---

* See Commonwealth v. Jackson, 13 D. & C. 2d 218.

her own defense, defendant elected not to testify. When counsel for two of her confederates, who were tried jointly with her, called her to testify in their behalf, she decided to testify in spite of being cautioned against so doing, both by her attorney and by the trial judge.

An accessory before the fact is ". . . one who plans, cooperates, assists, aids, counsels or abets in the perpetration of a felony": Commonwealth v. Habecker, 113 Pa. Superior Ct. 335, 340; approved in Commonwealth v. Darnell, 179 Pa. Superior Ct. 461, 463. Under the Commonwealth's theory and evidence, defendant could well have been tried as a principal to the commission of the crime because she was actually present at its commission. "A defendant may be both an accessory before the fact and a principal, and the indictment is the same whether he is one or the other or both . . .": Commonwealth ex rel. Ruger v. Day, 176 Pa. Superior Ct. 479, 483. Of course, her mere presence at the scene of the crime, and knowledge of its commission, does not justify the conviction of defendant on any charge: Commonwealth v. Giovanetti, 341 Pa. 345. The Commonwealth must prove that defendant " '. . . aids, abets and plans', which are really the substance of the crime of accessory before the fact": Commonwealth v. Darnell, supra, 463.

Under the record before us, as was indicated in our opinion filed in Commonwealth v. Jackson, supra, we are satisfied that the jury was warranted in finding that defendant took part in "aiding, abetting and planning," along with her confederates, this particular robbery of the victim, John Briggs. Under the evidence, the jury could well infer that the initial suggestion and plan was made by defendant, that she acted as a lure to decoy the victim and was present at the time of the commission of the crime. The actual confederation and planning is sufficiently shown if it can be inferred

from the testimony of the various witnesses. Such inference is warranted under the record.

And now, to wit, February 3, 1958, defendant's motions and rules to show cause why judgment should not be arrested and, in the alternative, why a new trial should not be granted are discharged.