## Commonwealth v. Clark

*Thomas E. Waters, Jr.*, Assistant District Attorney, for Commonwealth.

*James P. Geoghegan*, for defendant.

GROSHENS, J., November 30, 1962.—Defendant was tried and convicted by a jury of being an accessory before and after the fact to burglary, and of conspiring to commit burglary. The court en banc dismissed motions by defendant in arrest of judgment and for a new trial.

On October 26, 1962, defendant was sentenced to pay the costs of prosecution and a fine of $100, and to a term of 6 to 24 months in jail on the charge of accessory before the fact. An identical sentence was imposed on the charge of accessory after the fact. The two prison terms were set to run concurrently. Sentence was suspended on the charge of conspiracy.

On the same day, a supersedeas was granted by this court pending an appeal which was taken on November 1, 1962.

Since no opinion was filed upon the dismissal of the said motion, we are now filing in writing our reasons therefor.

Defendant contends that the evidence is insufficient to support the convictions.

The evidence, considered in the light most favorable to the Commonwealth, shows the following:

Defendant, 53 years of age, was a member of a well-organized ring made up largely of Philadelphia youths who committed a series of burglaries in Montgomery County. Defendant disposed of some of the merchandise stolen in these burglaries, and on occasion received a substantial share of the loot from the thefts.

In May of 1961, defendant had a conversation with Richard Ameye and John H. Peters, two of the principals in many of the burglaries. Peters testified that defendant said:

" 'You are slow on the whiskey. I can get rid of a lot for a party' and all like that. But in other words, his boss or whoever it was, wanted whiskey off him and he in turn would give it to Bill Ayres and Gus Peppers, I think, another guy. I don't know who—I think that is who he gave it to. I cannot prove that. I only got his word for it."

Ameye testified that defendant said he wanted "the booze" and that as a result of this conversation he (Ameye) burglarized the Valley Tavern. Ameye,

Peters and others stole a large amount of liquor from this Montgomery County tavern and the liquor was delivered to defendant in Philadelphia.

This evidence was sufficient to support the convictions on all three counts.

An accessory before the fact is one who plans, cooperates, assists, aids, counsels or abets in the perpetration of a felony, but who is absent when the crime is committed: Commonwealth v. Finkelstein, 191 Pa. Superior Ct. 328 (1959); Commonwealth v. Darnell, 179 Pa. Superior Ct. 461 (1955). An accessory after the fact is one who, knowing that someone has committed a felony, receives, relieves, comforts, or assists the felon, or in any manner aids him to escape arrest or punishment: Commonwealth v. Finkelstein, supra; Commonwealth v. Darnell, supra.

In Commonwealth v. Finkelstein, supra, two defendants were convicted of being accessories before and after the fact to armed robbery. They had agreed to dispose of a truckload of cigarettes for three men who were planning to steal it. After the theft defendants did in fact receive the cigarettes and store them. The Pennsylvania Superior Court affirmed their conviction, holding that they could be accessories before and after the fact event though they did not know who was to be robbed and did not know when the robbery was to take place. They did not instigate or counsel the commission of the robbery, but they assisted the felons before and after the robbery by providing in advance a way to get rid of the stolen goods and then executing their plan.

In the instant case, defendant assisted Peters, Ameye and the others in the burglary of the Valley Tavern in the same way. Peters and Ameye knew when they stole the liquor that they could count on defendant to take it off their hands immediately. The jury could have found that he did even more than sup-

ply a ready outlet for the fruits of an already planned theft. Defendant's request for whiskey amounted to placing an order. It would not be unreasonable to find that he instigated this particular felony with his request. He was properly convicted of being an accessory before and after the fact.

Conspiracy is the combination of two or more persons, with criminal intent or corrupt motive, to do a criminal or unlawful act, or an act not in itself unlawful, by criminal or unlawful means: Commonwealth v. Gaines, 167 Pa. Superior Ct. 485 (1950). No express agreement need be proved: Commonwealth v. Gaines, supra; Commonwealth v. Weiner and Zvon, 148 Pa. Superior Ct. 577 (1942).

In Commonwealth v. Gaines, supra, the defendant was convicted of conspiracy to commit burglary. He knew that two men were burglars, having previously designated two residences to them which they burglarized. He told them that he wanted a diamond ring for his wife. The burglars told him they would give him one the next time they got one. They stole a diamond ring while burglarizing a house and gave it to defendant. The Pennsylvania Superior Court held that this was sufficient evidence to support the conviction of conspiracy.

Commonwealth v. Gaines, supra, is directly on point in the instant case, and indicates clearly that the conviction of conspiracy here should stand. It is obvious from the record as a whole that this was a group of criminals who knew each other well and who were accustomed to working together. Expressly detailed plans and instructions were not necessary to initiate concerted action.

Defendant also claims that the court erred in its instructions to the jury. He contends that the jury was told that defendant's conversation with Peters and Ameye was corroborated by defendant's statement to

the authorities in which he admitted receiving liquor from Peters. The court never gave instructions to that effect. The instructions merely pointed out that the Commonwealth had offered the statement as corroboration and left it up to the jury to determine the existence or extent of any such corroboration.

Counsel for defendant raised this objection at the end of the charge and the court further instructed the members of the jury that it was for them to read the statement and determine what testimony, if any, it corroborated, regardless of what the court may have said. The charge was proper.