## Commonwealth *v.* Reinschreiber, Appellant.

*Criminal law—Murder—Joint defendant—Severance—Endorsement of conviction of joint defendant on bill of indictment.*

1. The endorsement of the conviction of a joint defendant on a bill of indictment sent out with the jury, is not a ground for reversal of a conviction of murder of the first degree; and this is especially so, where no other ground for reversal is alleged, and it appears that the prisoner admittedly participated in a murder committed in perpetration of burglary, although he may not have done the actual killing.

2. In cases of joint indictment where severances are granted, it is much better practice to make the entries as to the trials of the different defendants on papers separate from the bill of indictment, or, when this is not done, to cover the entries on the bill before it goes out with the jury.

Argued January 4, 1923. Appeal, No. 411, Jan. T., 1922, by defendant, from judgment of O. & T. Phila. Co.,

Oct. T., 1921, No. 91, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Henry Reinschreiber.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Indictment for murder.  Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree on which judgment of sentence was passed.  Defendant appealed.

*Errors assigned* were (1) in permitting the bill of indictment to go out with the jury, and (2) sentence, quoting record.

*Edwin M. Abbott,* for appellant, cited: Com. v. Minnich, 250 Pa. 363.

*Maurice J. Speiser,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Onofri v. Com., 20 W. N. C. 264; Sanders v. State, 131 Ala. 1.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 29, 1923:

Defendant appeals from a sentence to death on conviction of murder of the first degree.

We shall state the history of the case in the language of appellant's brief: "Early on the morning of July 15, 1921, the home of Edward Reed, aged 80 years, and his sister, Sarah A. Parr, aged 84 years, was entered and robbed by Matthew Bonkowski, Henry Reinschreiber, David Disque and Bernard Mott; an entrance was made through the shed kitchen into the room where Reed was sleeping; he was bound and gagged; three of the young men stayed with him; Disque went upstairs and attacked Mrs. Parr; there was a struggle and a call

for aid, to which Reinschreiber responded; a rubber hose was used to beat Mrs. Parr; she was bound and gagged as well as beaten, and some gold pieces stolen; she died from her many injuries;......fourteen of the gold pieces were found on Reinschreiber [after his arrest]; he did not take the witness stand, but called ten witnesses to prove his good character; he had made a confession and relied upon that to prove he did not strike any blows or cause any physical harm to decedent; no proof was offered to show Reinschreiber struck a blow; Disque was convicted of murder of the first degree on January 31, 1922; ......this conviction was inscribed on the [joint] bill of indictment used [at the trial of Reinschreiber] and, [despite defendant's objections, it was] sent out with the jury."

The fact that the bill, containing an endorsement of the conviction of a joint defendant, was put into the possession of the jury, is the sole complaint here relied on.

Appellant presents no contention that, aside from the above incident, the case was not fairly tried and properly submitted to the jury, or, in fact, that the evidence did not warrant his conviction of murder of the first degree; nor, indeed, could he so complain with any hope of success, for, since the proofs show "murder committed in the perpetration of burglary," the very words of our act of assembly make him guilty as convicted, yet the trial judge told the jurors, at least three times, that they had the power to bring in a verdict of the second degree. He also informed them, the presumption favored the second degree and that the burden "is always on the Commonwealth to show beyond a reasonable doubt that it is murder of the first degree."

In cases of joint indictment where severances are granted, it is much better practice to make the entries as to the trials of the different defendants on papers separate from the bill of indictment, or, when this is not done, to cover the entries on the bill before it goes out

with the jury; but, in the present instance, no request to follow the latter practice having been made, we shall not grant a new trial. Defendant, admittedly, is guilty of having participated in a murder, perpetrated in the course of a robbery, and the only possible effect of sustaining his appeal would be to give another jury an opportunity to either acquit or convict him of a lower degree; this we are neither required nor inclined to do.

In the one case cited which at all approaches the facts at bar, Onofri v. Com., 20 W. N. C. 264, 266, this court, after stating "the bill of indictment is always sent out with the jury," ruled that the fact of an endorsement thereon, which might possibly have prejudiced the defendant in the eyes of the jury, was not necessarily reversible error.

The judgment is affirmed and the record is remitted for purposes of execution.