## Hembree v. Commonwealth.

(Decided September 29, 1925.)

## Appeal from Bell Circuit Court.

1. Criminal Law—On Appeal from Conviction for Child Desertion, Accused Cannot Complain as to Testimony of Wife Unobjected to and Unexcepted to at Trial.—On appeal from conviction, under Ky. Stats., section 331i-1, for child desertion, although, under Civil Code of Practice, section 606, accused's wife was not competent witness against him, nor was she competent witness at common law, in view of section 333, he cannot complain of her testimony to which no objection or exception was saved.

2. Witnesses—Incompetency of Wife as Witness Waived by Failure to Make Specific Objection.—On trial for child desertion, defendant, who made no objection that wife was incompetent as witness, waived such objection, and it was not saved by objections to reception of particular parts of her testimony.

3. Criminal Law—Permitting Incompetent Witness to Testify Not Ground for Reversal, Where Same Facts Proved by Competent Witnesses.—Objection that court erred in permitting wife to testify against husband accused of child desertion will not work a reversal, where practically same facts were proven without objection and substantially without contradiction by other competent witnesses.

4. Parent and Child—Refusal to Permit One Accused of Child Desertion to Prove How he had Provided for Family Before Separation from Wife, which was Not Involved in Case, Held Not Error.—In prosecution for child desertion, under Ky. Stats., section 331i-1, refusal to permit accused to prove how he had provided for family prior to separation from wife, which was not involved. and about which there was no complaint, was not error, as amounting to refusal to permit him to prove that he did not desert child.

5. Criminal Law—Refusal of Continuance Because of Absence of Witness, Not Included in Motion and Grounds for New Trial, Not Considered on Appeal.—In prosecution for child desertion, under Ky. Stats., section 331i-1, refusal of continuance because of absence of witness, not included in motion and grounds for new trial, cannot be considered on appeal.

6. Criminal Law—Testimony Relating Solely to How Accused Provided for Family Before Alleged Child Desertion Held Not Competent.—In prosecution for child desertion under Ky. Stats., section 331i-1, testimony which it was claimed absent witnesses would have given, which, as shown by accused's affidavit, related solely to how he provided for family before alleged desertion, was incompetent and did not constitute grounds for new trial.

J. G. ROLLINS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming.

Appellant was convicted of child desertion, as de-
nounced by section 331i-1 of the statutes, and sentenced
to one year in the penitentiary.

The first ground urged for reversal is that the court
erred in permitting appellant's wife to testify against
him. That she was not a competent witness against him
in an action of this kind, either at common law or under
section 606 of the Code, was expressly decided in the re-
cent case of West v. Commonwealth, 194 Ky. 536, 240 S.
W. 52. Defendant, however, did not object to her testi-
fying, although he did object and except to her being per-
mitted to answer a number of questions propounded to
her. As to so much of her evidence as was introduced
without objection and exception, it is clear appellant may
not now complain (section 333 of the Code).

But the Commonwealth also contends that, since she
was not a competent witness for any purpose, the defend-
ant, by failing to object to her testifying at all, waived
her competency as a witness; that his objection there-
after, to particular questions and answers, questioned
only the competency of the evidence, and that as same
was relevant, the court did not err in overruling his ob-
jections thereto.

In our judgment this contention is sound. The rule
is thus stated in 40 Cyc. 2237:

> "It is incumbent upon the party wishing to ex-
> clude a witness to object to his competency, failing
> in which the witness is properly allowed to testify.
> Where a witness is incompetent to testify at all, the
> objection to his competency must be made when he is
> offered as a witness and before he is sworn, and if
> not made then is waived, unless the grounds of in-
> competency become apparent only after the examina-
> tion of the witness is commenced, in which case an
> objection must be taken at once, or it will be con-
> sidered as waived. Where a witness is competent as
> to some matters and incompetent as to others, the
> objection may be taken when he offers to testify as
> to matters concerning which he is incompetent.

> "The particular ground of objection to the com-
> petency of a witness must be pointed out to the court;
> and an objection to the general competency of a wit-

ness is insufficient where any testimony of the witness is admissible. An objection to particular evidence on the ground that it is incompetent does not go to the competency of the witness.''

To the same effect see also 28 R. C. L. 448.

The above statement of the rule was expressly approved in LeMoyne v. Meadors, 156 Ky. 832, 162 S. W. 526, and the complaint therein of the admission of competent evidence by an incompetent witness was overruled upon the ground that an objection was not raised to the competency of the witness as soon as it became apparent.

In Owen v. Commonwealth, 181 Ky. 257, 204 S. W. 162, it was held that the competency of a witness was a question "for the court upon the *voir dire*," while in the more recent case of Hale v. Commonwealth, 196 Ky. 44, 244 S. W. 78, it was held that:

"The failure of appellant to object to the witness's testifying because incompetent for want of mental capacity, was a waiver of objection upon that ground, as a party may waive an objection to the competency of a witness, and this would seem to be a bar to any further complaint. . . . If an objection is made to a witness because not mentally competent to testify, the court must determine the question before the witness is allowed to testify."

While cases can be found from this court wherein a contrary practice was tacitly approved, the above are the only cases we have found in which the question was discussed or decided. As these are in accord, not only with the generally recognized rule on the subject but with reason as well, they must be recognized as authoritative.

Then, again, the same facts were proven without objection and practically without contradiction, by other and competent witnesses. It follows that for two reasons the first ground urged for reversal is without merit.

The next contention is that the court erred in refusing to permit defendant to prove he did not desert his child. If this had been done, it, of course, would have been prejudicial error, but such is not the case. The court only refused to permit defendant to prove how he had provided for his family before he and his wife separated, which was not involved and about which there was no complaint.

The final complaint that the court erred in refusing a continuance because of absent witnesses cannot be considered because not included in the motion and grounds for a new trial. Moreover, the testimony of these witnesses was incompetent, since, as shown by defendant's affidavit, it related solely to how he provided for his family before the alleged desertion.

Finding no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.