## Louisville Taxicab & Transfer Co. v. Hubbard.

(Decided October 13, 1936.)

ROBERT L. PAGE for appellant.
LUKINS & JONES for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Mrs. Gertrude Hubbard, recovered a judgment for $2,105 against the Louisville Taxicab & Transfer Company, for injuries received by her while a passenger in one of its taxicabs. The accident occurred September 12, 1929, and this suit was not instituted until June 29, 1934. She alleged in her petition that, while she was in the act of alighting from the taxicab which had come to a stop in front of her home, it was caused through the negligence of the defendant and its agent "to give a sudden and severe start, jerk, and lurch, throwing the plaintiff with great force against the pavement."

It is argued that the judgment should be reversed because the trial court erred in excluding testimony of appellee's husband, W. A. Hubbard, in the giving of instructions and in overruling appellant's objections to the deposition of Mrs. Martha Reaney. Appellee testified that she, her husband, W. A. Hubbard, and her mother, Mrs. Martha Reaney, went to the Strand Theatre in Louisville on the night of September 12, 1929, and returned to their home just outside the city limits in one of appellant's taxicabs. She sat on the rear seat, and her husband sat on her right and her mother on her left. She described the accident as follows:

"When the chauffeur stopped, his motor remained running, and there wasn't any light burning in the top of the cab. The chauffeur did not get out of the cab. He reached back with his left hand and opened the back and left door, and my mother and my husband—she on my left and my husband on my right, almost simultaneously got out of the cab, one on the right and one on the left; and I got up and was in the act of leaving the cab, and at the same time that I raised in my seat I saw my husband standing in

front or rather to the side, but right on an even line with the chauffeur, and there was a dash-light burning, but whether or not he had paid him, I could not tell you; but I do know that he presumably was paying him, or had paid him; and just as I started to make my step out the door, the cab suddenly lurched forward and I was thrown on to the concrete driveway; and that was the only thing I remember until I was in my house on the couch in my living-room.''

Mrs. Reaney corroborated her daughter in every respect. Louis B. Smith, the driver of the taxicab, testified that the taxicab did not move before Mrs. Hubbard alighted, and that she fell in the street after she got out of the cab. These were the only witnesses who testified as to how the accident occurred. Several witnesses testified as to the nature and extent of appellee's injuries. If the testimony of appellee and her mother is true, a clear case of negligence was established.

During her cross-examination, Mrs. Hubbard was asked if she was willing for her husband to testify, and she replied: ''If you wish him to.'' She did not offer him as a witness, but appellant called him as a witness, and after asking him if he was a lawyer and had been practicing law for more than twenty years, appellant's attorney showed him two letters written on his stationery, one dated September 18, 1929, and addressed to the Louisville Taxicab & Transfer Company, and one dated October 3, 1929, and addressed to Mr. Robert L. Page, attorney for the taxicab company. These letters were signed W. A. Hubbard, and he admitted that they were his signatures. The attorney for the appellant then offered to read the letters to the jury, but the court refused to permit this to be done. Mr. Hubbard was then asked if he was not acting as attorney for his wife when he wrote the letters, and he answered that he was not, that he wrote the letters but was not acting as his wife's agent. The plaintiff then objected to his testimony concerning the matter of agency and the letters, and the court sustained the objection. The letters referred to an act of negligence wholly different from the act alleged in the petition and testified to by Mrs. Hubbard and her mother. It is insisted that W. A. Hubbard having been permitted without objection to testify as to certain matters, the appellee waived his competency as a

witness, and that he was a competent witness for all purposes. Hembree v. Com., 210 Ky. 333, 275 S. W. 812, is cited in support of this contention. The Hembree Case, however, held that a waiver of the competency of a witness did not preclude a party from objecting to particular evidence on the ground that it was incompetent. Even if it be conceded that appellee waived the competency of her husband as a witness, the letters were not competent except to contradict the witness or on the ground that he was acting as Mrs. Hubbard's agent when they were written. The witness had not testified as to how the accident occurred, and there was no proof of agency. He had stated that he was not acting as his wife's agent, and she had testified that she had not discussed with her husband the circumstances of the accident for more than two or three weeks after it occurred, and that she had not authorized him to take the matter up with appellant or its attorney. Under these circumstances, the letters were not admissible in evidence and the court did not err in refusing to permit appellant's attorney to read them to the jury.

Instruction No. 1 reads:

"It was the duty of the defendant, Louisville Taxicab & Transfer Co. and its agents and servants, in the operation of its taxicab in which plaintiff was a passenger, concerning which you have heard evidence, to exercise the utmost care in the operation and management of such taxicab; and in permitting passengers to alight therefrom, not to allow or cause such taxicab to jerk, lurch or move while plaintiff was alighting therefrom; and if the jury believes from the evidence that the defendant failed in any one or more of the said duties, and by reason of such failure, if any, the plaintiff was injured, if she was injured, then you will find for the plaintiff; but unless you so believe, you will find for the defendant."

It is argued that the only act of negligence relied upon was the moving of the automobile while appellee was alighting therefrom, and that the phrase, "if the jury believes from the evidence that the defendant failed in any one or more of the said duties," is confusing, and might lead the jury to believe that it was authorized to find for the plaintiff on some ground of negli-

gence other than the moving of the automobile. The instruction. told the jury that it was the duty of the defendant, in permitting passengers to alight from its taxicabs, not to allow or·cause such taxicabs to ''jerk, lurch, or move'' while .the passengers were alighting therefrom. It was clearly with reference to the quoted words that the phrase complained of was used, and we do not think the jury could have been misled. ·

Complaint is made because the court refused to give the following instruction offered by appellant:

''If you believe ·from. the evidence that the plaintiff fell as she got out of the taxicab when it was standing still, or fell after she got out of the cab, the law is for the defendant.''

The sole issue was whether or not the taxicab was negligently. moved before appellee alighted, and by reason of such act of negligence she was caused to fall. This issue was concisely presented to the jury in instruction No. 1, and, in addition thereto, an instruction on contributory negligence was given. There are cases, undoubtedly, in which the facts are such as to require a concrete instruction on contributory negligence, but here the issue was very simple, and the instructions, taken as a whole, presented it with sufficient clarity to enable the jury to reach a correct verdict.

Mrs. Martha Reaney's deposition was taken before the trial. It was filed on March 4, 1935, and the trial was held on March 6, 1935. After the jury had been selected, written exceptions to the deposition were filed. Certain questions were objected to because they were leading, incompetent, or irrelevant, some of which were sustained. The defendant also objected to the reading of the deposition because Mrs. Reaney was within the jurisdiction of the court. The deposition showed that she was ill in bed under a physician's care when the deposition was taken, and had been confined to her bed for about eight weeks. Mrs. Hubbard testified that her mother had been ill and had not been out of the house since December 8, 1934, and was not able to be present in court. Under these circumstances, it was incumbent upon the defendant to show that the witness was able to be present and testify. Section 554 of the Civil Code of Practice provides that a deposition may be read upon the trial of an issue in any action if, at the time of the

trial, the witness be prevented from attending the trial by infirmity.

Appellant complains because the court failed to sustain its objection to four questions asked Mrs. Reaney on redirect examination, on the ground that they were leading. The questions were leading, but they were in regard to matters brought out on cross-examination, not particularly important, and they were not sufficiently prejudicial to authorize a reversal of the judgment.

The judgment is affirmed.