## Nunn et al. v. Slemmons' Adm'r et al.

Oct. 10, 1944.

316

Jas. C. Carter, Jr. and B. L. Simpson for appellants.

Harlan E. Judd and W. T. Ottley for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The appeal is from a judgment of the Cumberland Circuit Court declaring the written instrument in question to be the last will and testament of Bettie Slemmons. It is admitted that the will, as originally drafted, was written and executed by the testatrix; but it is contended that the codicil thereunder subscribed is a forgery. The will and codicil are in the following words and figures, to-wit:

"My Will.

"Jan. 27, 1938.

"While in the right use of my mind in thy presence alone.

"I now will to Henry F. Slemmons, my beloved husband, to have at my death after my nurse bill debts if any and burial expenses are paid.

"I, Bettie Slemmons, do solemny bequeath to Henry F. Slemmons, my husband, to have all of my household and personal property, notes, bank account, lands and real estate all of my inheritance, to have and to use for his benefit so long as he may live. Then then after his nurse bill debts if any and burial expenses are paid, I want the remainder equally divided among the heirs of Joseph A. Traylor, Sr.

"So Grant this to be Oh God.

"(Signed) Bettie Slemmons.

"Written with my own hand this the 27th day of Jan 1938. I have employed Michel Petty to be our nurse

so long as we both shall live, then at our death I will and bequeath Michel Petty $2000. which must be paid to him out of my estate.

"(Signed) Bettie Slemmons."

Mitchel (spelled "Michel" in the codicil) Petty testified, without objection, that the codicil was written and executed by the testatrix in his presence. The proponents introduced three other witnesses, one of whom qualified as an expert on signatures, and all of whom testified that they were familiar with the handwriting of the testatrix. These witnesses stated that, in their opinions, both the will and codicil were written by the testatrix. One of the witnesses knowingly testified against his own interest, being a devisee under the terms of the original will; the other two witnesses were disinterested parties. The contestants introduced four witnesses, all of whom were devisees under the original will and parties contestant herein, who testified that they were familiar with the handwriting of the testatrix and, in their opinions, the codicil was not written or executed by her. One other witness introduced by the contestants qualified as an expert on handwriting and signatures, and stated that, in his opinion, the codicil was not written by the person who wrote the original will. The will and codicil, together with other samples of the testatrix's handwriting, including the checks hereinafter referred to, were examined by the jury, and the originals have been transmitted with the record to this Court.

The first complaint is in respect to alleged error of the Trial Court in permitting the proponent and beneficiary under the codicil, Mitchel Petty, to testify concerning the act of the testatrix in writing and executing the codicil. It is admitted that no objection was made to the testimony; but is contended that the competency of this evidence is called into question by the motion of the contestants for a peremptory instruction. This question has been answered adversely to appellants' contention in innumerable decisions of this Court, construing Sections 333 and 334 of the Civil Code of Practice. One of such decisions is Hembree v. Commonwealth, 210 Ky. 333, 275 S. W. 812, 813. In that case quoting from 40 Cyc. 2237, the Court said:

" 'Where a witness is incompetent to testify at all, the objection to his competency must be made when he is offered as a witness and before he is sworn, and, if

not made then, is waived, unless the grounds of incompetency become apparent only after the examination of the witness is commenced, in which case an objection must be taken at once, or it will be considered as waived. Where a witness is competent as to some matters and incompetent as to others, the objection may be taken when he offers to testify as to matters concerning which he is incompetent.

" 'The particular ground of objection to the competency of a witness must be pointed out to the court; and an objection to the general competency of a witness is insufficient where any testimony of the witness is admissible. An objection to particular evidence on the ground that it is incompetent does not go to the competency of the witness.' ' "

Although our practice does not require an objection to be made before the witness is sworn, the substance of the rule in other respects is in effect in this jurisdiction.

The next ground for reversal is that the verdict of the jury is not sustained by the evidence. It is insisted by counsel for appellants that it does not take a handwriting expert to determine that the will and codicil appear in the handwriting of two different persons; and that a comparison of the spelling of appellee Petty's Christian name in the codicil with the spelling of his Christian name on checks admittedly written by testatrix conclusively show the testatrix did not write the codicil. Five such checks were introduced, payable to appellee Petty. As heretofore stated, the originals of the checks are before us on this appeal. We have scrutinized them very carefully, and have concluded that the writer of the brief did not have them before him when he made the following statement:

"Also, an examination of the original checks (Record P. 5) shows that the testatrix spelled Mitchell 'M I T C H E L', but on the codcil, his name is spelled 'M I C H E L'. One might be inclined to overlook this mis-spelling if it appeared only once in the codicil, and if it also appeared on one or more of the checks, but it can't be over-looked when such an error was never made by the testatrix in writing the several checks to Mitchell Petty, but was made, and the name Mitchel appears misspelled 'M I C H E L' twice in the purported codicil."

The trouble with this argument is that the name is spelled "Michel" both times in the codicil, and on each and every check introduced in evidence.

The codicil was written about three weeks before the death of the testatrix, and all the testimony conclusively shows her to have been extremely feeble at this time, and that her death was imminent. The writing contained in the codicil is tremulous; but other than that, there is nothing in the writing to indicate to us that the jury did not correctly determine that it was written and executed by the testatrix. Even if we were of the independent opinion, which we are not, that the handwriting contained in the codicil and that contained in the original will is of two different persons, we would be reluctant to substitute our judgment for that of the jury and the witnesses whose testimony they accepted in rendering their verdict.

Final complaint is made that counsel for appellees misquoted the evidence in his argument to the jury. This complaint cannot be considered, because the argument was not made part of the record. Even if the argument were before us, there is nothing in the record to show that counsel for appellants objected to any statement at the time it was made by counsel for appellees.

The judgment is affirmed.