Commonwealth *v.* Parmer, Appellant.

Argued November 17, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

12

*Albert S. Oliensis,* with him *A. Allan Goodman,* for appellant.

*Raymond A. Speiser,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY MR. JUSTICE LINN, January 3, 1950:

The appellant was convicted of murder in the second degree and sentenced to imprisonment for a term of not less than seven years and two months and not more than fourteen years and four months. He received a fair trial which was reviewed by a court in banc composed of three judges who refused his motion for a new trial. He now presents but two contentions: first, that he is entitled to a new trial on the ground that he should not have been "convicted of a higher crime than his principal" who had been convicted of voluntary manslaughter: his second contention is that the trial judge erred in allowing the jury to have a copy of the indictment instead of the original which had written on it that the principal in the first degree was convicted of voluntary manslaughter.

A principal in the first degree is one who commits the crime: 4 Bl. Comm. *34; 1 East P. C. 228; 1 Hale P. C. *615; Clark and Marshall on Crimes, 4th ed.,

section 159. A principal in the second degree is one who is present when a felony is committed by another, and who aids or abets in its commission: 4 Bl. Comm. *34; 1 Hale P. C. *438, *615; 2 Hawkins P. C., chapter 29, section 7; *Banson v. Offley*, 3 Mod. 121, 87 Eng. Rep. 78; Clark and Marshall on Crimes, section 163. Also see *Perkins, Parties to Crime*, 89 U. of P. Law Rev. 581 (1941).

The appellant, Parmer, and Robert J. McGrogan, were fellow prisoners in the penitentiary on June 1, 1948, when they killed Richard Rafter, Jr., another prisoner. President Judge OLIVER, in the opinion written for the court in banc, refusing appellant's motion for a new trial, described the murder as follows: "In the morning of that day, defendant and McGrogan were seated on the steps in the exercise yard. Defendant had a small knife with a sharp, well-pointed blade about $2\frac{1}{2}''$ long, concealed in his pocket. McGrogan had a knife with a 6" blade and also a small knife similar to the one belonging to defendant. They had been seated for some minutes when Rafter entered the yard. Either as he approached, or as he was passing the steps, McGrogan and defendant jumped up and attacked him. Rafter did not have any knife or other weapon in his possession. McGrogan struck Rafter and also stabbed him twice in the chest with his knife, leaving one wound 4 to 5" deep and another 6" deep, the latter wound, causing a fatal hemorrhage. McGrogan backed Rafter against the wall while the knife was still sticking in his chest and pummelled him with blows upon the face and head. Meanwhile, defendant was yelling to McGrogan such phrases as 'get him, get him,' and 'Go get him, keep after him.' Defendant was also skirting around the two struggling men getting in such blows upon Rafter as he could. He had a small knife in his hand and in his own words, 'kept swinging up and down from the shoulder to the leg.' After the fight was over, defendant's knife was

covered with blood and there was blood on his hands which he acknowledged came from Rafter."

There was evidence of a feud between the two men and their victim. The appellant and McGrogan were indicted together for murder but, on appellant's application, he was tried separately. McGrogan, who was tried first, was called as a witness by the appellant and referring to the crime testified that he "received six to twelve years for it. I must have done it . . ."

The Penal Code, June 24, 1939, P. L. 872, 1028, section 1105, as amended May 21, 1943, P. L. 306, 309, 18 PS 5105, now provides: "Principals in the Second Degree and Accessories, Aiders and Abettors.—Every principal in the second degree or accessory before the fact, to any felony at the common law or under any act of Assembly may be indicted, tried, convicted, and if no punishment is provided, may be punished in all respects as if he were the principal felon . . ." In *Com. v. Mendola*, 294 Pa. 353, 357-8, 144 A. 292 (1928) we considered the earlier provision of the Act of 1860, P. L. 382, carried into the Code of 1939. WALLING, J., said, "A defendant may be both an accessory before the fact and also a principal (Bishop's New Criminal Law, vol. 1, section 664), and the indictment under the statute above quoted, is the same whether he is one or the other or both. The statute enables the Commonwealth to disregard the distinction between a principal and an accessory before the fact . . ." Appellant can take no advantage of the fact that McGrogan was convicted only of voluntary manslaughter.

Appellant's second contention is likewise without merit. The indictment would doubtless have gone out with the jury if it had not had endorsed on it that McGrogan was convicted of voluntary manslaughter. In order to keep that irrelevant fact from the jury, the trial judge wisely exercised his discretion by allowing a copy of the indictment instead of the original, to go out.

Appellant was not harmed by that: compare *Com. v. Reinschreiber,* 276 Pa. 262, 120 A. 135 (1923). Moreover, McGrogan, called by the appellant, had testified that he had been convicted and had been sentenced to a term from six to twelve years.

The judgment is affirmed.