Commonwealth *v.* Mourar, Appellant (No. 1).

Argued April 17, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*L. Stanley Mauger*, with him *William A. O'Donnell, Jr., Carroll L. Rutter* and *Rutter, O'Donnell & Mauger*, for appellant.

*Roger B. Reynolds*, Assistant District Attorney, with him *J. Stroud Weber*, District Attorney, for appellee.

OPINION BY ROSS, J., July 20, 1950:

This is an appeal by a defendant who, after trial by jury, was convicted of sodomy on an indictment which charged that he "did maliciously and feloniously solicit one George Schrum to commit sodomy with one John W. Yerger, and as a result of the said solicitation and the conveyance of the said George Schrum by the said ... Mourar to the home of John W. Yerger, ... the said ... Yerger did commit sodomy upon the said George Schrum ..." According to the evidence, the defendant not only made all arrangements for the commission of the offense, but was actually present when Schrum and Yerger committed it. After his conviction, the defendant's motions for a new trial and in arrest of judgment were refused, sentence was imposed and he took this appeal.

At the argument before us, the defendant abandoned, and understandably so, his motion for a new trial which questioned the sufficiency of the evidence to convict. Consequently, the only motion before us for disposition is the motion in arrest of judgment.

Insufficiency of evidence gives no support to a motion in arrest of judgment. "Where a verdict of guilty has been rendered in a criminal case, the trial court may arrest the judgment for some matter appearing on the face of the record which would render the judgment erroneous if given. But it must arise from intrinsic causes appearing on the face of the record. Evidence given on the trial does not become a part of the record to be considered on motion in arrest of judgment." *Com. v. Heller,* 147 Pa. Superior Ct. 68, 75, 24 A. 2d 460.

In his motion in arrest of judgment, the defendant raises the single question: Can there be an accessory before the fact to the crime of sodomy? He contends that because the parties who actually commit the act do so voluntarily, there can be no accessory before the fact to the offense. There is, in our opinion, no substance in this argument. The test is not the intention or willingness of the parties actually engaged in the commission of the offense, but rather—what did the one who is charged with being an accessory before the fact do in relation to the commission of the offense? In *Com. v. Habecker,* 113 Pa. Superior Ct. 335, 173 A. 831, we approved a charge of the trial court which defined an accessory before the fact as "one who plans, cooperates, assists, aids, counsels or abets in the perpetration of a felony". The indictment in this case clearly alleges acts which bring the defendant within this definition of an accessory before the fact.

A principal in the second degree is one who is present when a felony is committed by another, and who

aids or abets in its commission. *Com. v. Parmer,* 364 Pa. 11, 70 A. 2d 296. Section 501 of The Penal Code, June 24, 1939, P. L. 872, 18 PS 4501, classifies sodomy as a felony. Section 1105 as amended, 18 PS 5105, provides inter alia: "Every principal in the second degree or accessory before the fact, to any felony . . . may be indicted, tried, convicted, and if no punishment is provided, may be punished in all respects as if he were the principal felon . . ." This provision of the statute enables the Commonwealth to disregard the distinction between a principal and an accessory before the fact. *Com. v. Parmer,* supra.

The record in this case discloses no intrinsic cause "appearing on the face of the record which would render the judgment erroneous" and, consequently, no error was committed in refusing the motion in arrest of judgment.

The judgment of sentence in this appeal is affirmed, and it is ordered that the appellant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with his sentence or any part of it which had not been performed at the time the appeal was made a supersedeas.