John O. FILBERT, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 3600.

Supreme Court of Wyoming.

Feb. 7, 1968.

Jack Wolfe, Sheridan, for appellant.

James E. Barrett, Atty. Gen., Lynn R. Garrett, Deputy Atty. Gen., Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

John O. Filbert, convicted of aggravated robbery against Dave Fields, appeals and charges error on grounds to which reference will in part be made hereafter. Defendant maintained his innocence of the crime and no direct evidence of his guilt was presented except the testimony of John Hoblit, who previous to the time of the trial had pleaded guilty to a like offense against Fields and had been placed on probation. According to Hoblit's testimony, on November 16, 1965, he, Wally Baldwin, and the defendant after drinking together in Sheridan bars decided to try to get some money and about ten o'clock that evening went to the home of Clifford Strauser in Filbert's car where Hoblit borrowed a gun, purportedly for poaching, and the three then went to the Fields place some seven miles from town, parked the car, Filbert staying with the vehicle and Hoblit and Baldwin going to the Fields home, where they threatened Fields with the gun, which was discharged when Fields resisted, the two taking his money and returning to where Filbert was waiting in the parked car. They drove to town and the three split the money.

The victim's daughter, who was present at the time of the robbery, said she saw

the two men go to the car and while they were approaching the automobile its lights went on and the motor started. A patrolman, Bradley, testified that about eleven o'clock he saw Baldwin and Hoblit in Filbert's car and Filbert was outside standing on the concrete near the car. Defendant testified that he had given his car keys to Hoblit around 9:30 p. m. so that he and Baldwin could go home and change clothes and that he had not seen them again until after 11:30 p. m. when they picked him up and drove to the cafe for a sandwich. Bradley also testified that car tracks similar to those of defendant's automobile were found at the Fields place following the incident. After the reporting of the robbery defendant's car was located and when he was arrested he volunteered permission to have the car searched and the rifle, identified by Strauser as the gun he loaned to Hoblit, was found in the trunk.

Defendant argues that his motion for directed verdict should have been granted on the ground that other than the polluted testimony of Hoblit, which was insufficient on which to base the verdict, there was a complete absence of evidence. We cannot accept this argument. Even were this a jurisdiction requiring corroboration there was sufficient inculpatory evidence tending to connect the defendant with the commission of the offense. However, Wyoming has no statute which requires that an accomplice's testimony be corroborated, and as Judge Harnsberger commented in State v. Callaway, 72 Wyo. 509, 267 P.2d 970, 976, "so far it has not been said distinctly [by this court] that a conviction may not be had solely upon the uncorroborated testimony of an accomplice." In states which follow the common law, no corroboration of the testimony of an accomplice is required, and a conviction can be sustained on such testimony alone if it is convincing and credible. People v. Gilbreath, 1 Ill.2d 306, 115 N.E.2d 758, 760; Sparkman v. State, 27 Wis.2d 92, 133 N.W.2d 776, 778; Esters v. United States,

8 Cir., 260 F.2d 393, 394; 2 Wharton, Criminal Evidence, p. 227 (12 ed.). However, our court has repeatedly indicated that the jury must be advised regarding the scrutiny to be given the testimony of an accomplice. This leads us to defendant's charge of error here that Instruction 11 was erroneous. It read:

"The evidence of the witness James Hoblit shows that he was an accomplice of the defendant in the commission of the crime charged against the Defendant. You are instructed that the testimony of an accomplice should be received by you with great caution and you ought not to convict the Defendant of the crime charged upon the testimony of an accomplice alone, unless it is corroborated by other credible evidence tending to show that the Defendant is guilty of the crime charged in the Information."

Criticism is centered on the court's instructing the jury that Hoblit was an accomplice *of the defendant,* and we think the objection in that respect is well taken. Regardless of the propriety of a cautionary instruction in a case where a witness testifies he was an accomplice of the defendant or where the undisputed facts show the witness to have been an accomplice in the crime charged, the court is not permitted to instruct that such a witness was an accomplice *of the defendant* since that carries with it an implication the defendant's guilt has been determined when that fact is peculiarly within the province of the jury. Accordingly, Instruction 11 was erroneous and prejudicial to the defendant. Incidentally, it may be observed that the instruction is overrigid in substantially advising that there may be no conviction upon the testimony of an accomplice alone, which statement is incorrect although in that aspect not prejudicial to the defendant.

The judgment and verdict must be reversed and such disposition makes unnecessary reference to other matters raised in the appeal.

Reversed and remanded.