**Raymond PIKE, Appellant (Defendant below),**

v.

**STATE of Wyoming, Appellee (Plaintiff below).**

**No. 4040.**

Supreme Court of Wyoming.

April 17, 1972.

Rehearing Denied May 25, 1972.

James R. McCarty, Casper, for appellant.

Clarence A. Brimmer, Atty. Gen., and Michael W. McCall, Special Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GUTHRIE, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Raymond Pike was charged as an accessory before the fact in the forgery of a check for thirty-five dollars drawn on the First National Bank of Casper and purporting to be signed by D. E. Leggett on one of his printed check blanks. Defendant waived a jury and after trial was found guilty by the court. He has appealed, charging that the evidence if proving anything shows him to be guilty as a principal rather than as an accessory before the fact; his wife was called by the State as a witness against him; the State's case was based upon the testimony of one John Oien, an alleged accomplice; the date of the offense was not proved; there was insufficient evidence to justify conviction; and that he had been denied a speedy trial.

The circumstances leading up to the prosecution in brief are that a suitcase

containing a number of Leggett's blank checks was stolen from his truck in March of 1970 and that when his cancelled checks came back from the bank he discovered the one for thirty-five dollars, here in issue, made payable to Raymond Pike with a notation, "adv. on wages," endorsed by Ray T. Pike and Geraldine Pike, and cashed at Branen's Food Market in Casper. Leggett went to defendant's home, asked him about the situation, and was told by defendant that he had received the advance from "'the guy that signs the checks,'" and that he had given it to his wife to buy groceries.

Defendant later gave the officers two conflicting statements regarding the matter, in both of which he admitted the endorsing and cashing of the check, one version saying that the check had been written to him by Johnny Oien and that he had given it to his wife who cashed it at the grocery store.

 Defendant in arguing here that if the evidence proved anything at all it showed that he was guilty as a principal rather than as an accessory, cites State v. Weekley, 40 Wyo. 162, 275 P. 122, 64 A.L.R. 420, for the rule that a person present during the occurrence of a felonious act is a principal to that felony and concludes therefrom because of this rule the concepts of principal and accessory before the fact are mutually exclusive so that in the present case there was no proof of the crime charged. In this he reads more into the statement in the Weekley case than is justified; but more importantly, he overlooks the well established principle that a defendant may be both an accessory before

the fact and a principal. Commonwealth v. Parmer, 364 Pa. 11, 70 A.2d 296, 297; 22 C.J.S. Criminal Law § 90, p. 269. The contention is without merit.

 When defendant's wife was called by the State as a witness, he objected on the grounds of the marriage and her consequent incompetency, which objection was overruled. He now charges this as error, making the bald assertion, without more, that this is prejudicial error in the light of § 1–142, W.S.1957 (1971 Cum. Supp.).[1] In effect he is insisting that the mere testifying over objection by the spouse is prejudicial error per se. Since he cites no authority and makes no effort to substantiate his position, we must assume that no authority exists. Drummer v. State, Wyo., 366 P.2d 20, 26. Moreover, a scrutiny of the record discloses that the testimony of the wife on direct examination was most meager and added nothing to the evidence before the court, including the admissions of defendant, made orally to Leggett and in writing to the officers and already introduced in evidence, that defendant had given his wife the check and she had gone to the grocery, signed, and cashed it. Thus there was no prejudicial error in receiving her testimony. State v. Dixson, 80 Mont. 181, 260 P. 138; Hembree v. Commonwealth, 210 Ky. 333, 275 S.W. 812; 24A C.J.S. Criminal Law § 1907, p. 1046;[2] and see Schneble v. Florida, 405 U.S. ——, 92 S.Ct. 1056, 31 L.Ed.2d 340 (argued January 17–18, 1972—decided March 21, 1972).

 It is also urged that the conviction in this instance being supported only by the testimony of the accomplice John Oien

---

1. "In no case shall the husband or wife be a witness against the other, except in criminal proceedings for a crime committed by one against the other, or in a civil action or proceeding by one against the other, or an action brought by the husband for criminal conversation with or seduction of his wife, or in an action brought by either husband or wife for the alienation of the other's affections; but they may in all civil and criminal cases be witnesses for each

other the same as though the marital relation did not exist."

2. While the admission of the wife's testimony in a criminal case where her husband is defendant is error per se unless coming under the exceptions of § 1–142, and circumstances determine whether or not it is prejudicial, nevertheless in view of the potential reversible error, no valid reason can be conceived why a trial court would admit the evidence of a spouse contrary to the directions of that statute.

could not be sustained, but we are unable to agree for two reasons, first, there was in addition to the testimony of Oien substantial evidence to warrant the conviction. Second, this court has never adopted the principle that conviction may not be had solely on the uncorroborated evidence of an accomplice. If we have not made it clear before, we now say that a conviction may be had upon the uncorroborated testimony of an accomplice. Filbert v. State, Wyo., 436 P.2d 959, 960. We do warn however that such testimony must be most carefully scrutinized and that a jury in a case tried before it must have advice to that end.

■ Some argument is advanced to the effect that a proof of defendant's guilt beyond a reasonable doubt fails because the particular time of the alleged forgery was not pinpointed. We call attention to our discussion in State v. Koch, 64 Wyo. 175, 189 P.2d 162, 166, where we said that the exact calendar day is not of the essence in a prosecution for a criminal offense if the transaction relied upon for conviction is identified by connection with the time at which another event occurred. Here not only was the passing of the check identified generally with relation to the time the blank checks were stolen until the forgery was discovered upon receipt of the bank statement by Leggett but the date of the check itself, together with the bank endorsements on the back, clearly shows the time of the offense.

■ Some complaint is made of the trial court's overruling a motion for a dismissal because of lack of speedy trial. This is frivolous. The trial here was held some nine months after the information had been filed in district court, which in and of itself does not indicate any undue delay, especially when the defendant had been released on one hundred and fifty dollar bond—certainly minimal on a felony charge.

Affirmed.

Mr. Chief Justice McINTYRE dissenting.

I find myself increasingly disturbed by pronouncements of appellate courts that trial procedures are erroneous but not prejudicial. Sometimes, of course, this is necessary, but I am not ready to agree it should be done in this case. To make a statement in a footnote to the effect that no valid reason can be conceived why a trial court would admit the evidence of a spouse contrary to the directions of the statutes is hardly sufficient to correct the harm or to prevent reoccurrences in the future.

I consider it an oversimplification to say the testimony of the wife in this case was most meager and added nothing to other evidence. Her testimony went to the heart of the case when she said she took the check and cashed it while her husband waited. Even if her husband had made previous statements to officers, the testimony of these officers was evidence only. It was not conclusive. It took the testimony of the wife to make it conclusive. At least, the prosecution must have thought the wife's testimony important, or it would not have made her testify.

We should not speculate on how much the defense of the defendant had to be altered because his wife's testimony went in.