437 A.2d 1188

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Randy Lee PFAFF, Appellee.**

Supreme Court of Pennsylvania.

Submitted March 6, 1981.

Decided December 17, 1981.

John M. Dawson, Asst. Dist. Atty., Meadville, for appellant.

David P. Truax, Asst. Public Defender, Meadville, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION

KAUFFMAN, Justice.

The Commonwealth appeals from an order of the Court of Common Pleas of Crawford County granting the Post Con-

viction Hearing Act ("PCHA") petition of appellee, Randy Lee Pfaff, and awarding him a new trial.[1]

On February 19, 1974, appellee and co-defendant Robert Gartner were convicted by a jury of murder of the second degree and aggravated assault in connection with the sniping murder of a fifteen year old youth.[2] At trial, the requests of defendants for a jury instruction on involuntary manslaughter were denied. Following rejection of their post trial motions, both appellee and Gartner appealed to this Court. Only Gartner contended, however, that the trial court erred in refusing to charge on involuntary manslaughter. While Gartner was awarded a new trial on this ground, we denied the same relief to appellee because he had failed to raise the issue on appeal. *Commonwealth v. Gartner*, 475 Pa. 512, 381 A.2d 114 (1977).[3]

Appellee then filed his first PCHA petition, alleging that appellate counsel was ineffective for failing to challenge the denial of his requested involuntary manslaughter instruction

1. Post Conviction Hearing Act of January 25, 1966, P.L. 1580, 19 P.S. § 1180–1 *et seq.* (Supp.1981) (recodified in scattered sections of 42 Pa.C.S.A.)

2. *See* Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1 *et seq.*, 18 Pa.C.S.A. §§ 2502, 2702. Briefly, the record shows that appellee and Gartner had armed and stationed themselves outside of their motorcycle clubhouse in anticipation of confronting a group of black youths whom they had previously challenged to an altercation. The youths arrived, and as they began driving away in their automobile, Gartner fired two shots, the second of which shattered the window and killed one of the passengers.

3. Gartner was awarded a new trial by a plurality of this Court which concluded that because involuntary manslaughter was a lesser included offense of murder under our Crimes Code, a defendant, upon request, is entitled to an involuntary manslaughter instruction in *all* homicide prosecutions. 475 Pa. at 521, 381 A.2d at 118. *See Commonwealth v. Smith*, 474 Pa. 559, 379 A.2d 96 (1977); *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977). Subsequently, however, this Court has held that an accused is entitled to such an instruction only if (1) the charge has been requested, (2) the offense has been made an issue in the case, and (3) trial evidence reasonably would support such a verdict. *Commonwealth v. Williams*, 490 Pa. 187, 415 A.2d 403 (1980); *Commonwealth v. White*, 490 Pa. 179, 415 A.2d 399 (1980). Gartner was retried and convicted on February 17, 1978.

on appeal. Although the PCHA court found that counsel was not ineffective, it concluded that logic and fairness dictated that appellee be awarded a new trial since Gartner received a new trial and he was the one who actually fired the shots resulting in the victim's death. Upon appeal by the Commonwealth, a special transfer docket panel of the Superior Court agreed that counsel was not ineffective, but reversed because no issue other than ineffectiveness was presented in appellee's PCHA petition.[4]

In February, 1980, appellee filed a second PCHA petition, claiming, *inter alia*, that the judicial interpretations of the 1972 Crimes Code subsequent to his trial in February, 1974, constitute a change in the law sufficient to entitle him to a new trial and an involuntary manslaughter charge.[5] The PCHA court again ordered a new trial and the Commonwealth promptly commenced this appeal. Because appellee clearly waived his right to contest the trial court's failure to charge on involuntary manslaughter, we now reverse.[6]

To obtain relief under the Post Conviction Hearing Act, a petitioner must first establish that his claim has not been waived. The Act provides in relevant part:

(b) For the purposes of this act, an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, on a habeas corpus proceeding or any

4. *Commonwealth v. Pfaff*, 275 Pa.Super.Ct. 630, 423 A.2d 1331 (1979).

5. Section 2501 of the 1972 Crimes Code provides:
 § 2501. Criminal Homicide
 (a) Offense defined.—A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being.
 (b) Classification.—Criminal homicide shall be classified as murder, voluntary manslaughter, or involuntary manslaughter.
 18 Pa.C.S.A. § 2501(a) & (b).

6. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, *as amended*, 42 Pa.C.S.A. § 722(1).

other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

(c) *There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.*

19 P.S. § 1180–4(b) & (c) (Supp.1981) (Emphasis supplied). The facts here are strikingly similar to those presented in *Commonwealth v. Zillgitt,* 489 Pa. 189, 413 A.2d 1078 (1980), where we concluded that failure on direct appeal to raise the trial court's denial of a requested instruction on involuntary manslaughter constituted a waiver because our decisions announced subsequent to the trial did not change prior law, but merely interpreted relevant provisions of the Crimes Code which were in existence at the time of post verdict motions and direct appeal.[7] *Commonwealth v. Zillgitt,* 489 Pa. at 194, 413 A.2d at 1081. *See Commonwealth v. Polimeni,* 474 Pa. 430, 438–39, 378 A.2d 1189, 1193–94 (we need not consider whether the common law should be changed since our holding is required by the Crimes Code). Consequently, as we stated in *Zillgitt:*

> [T]here was no decisional law holding that under the 1972 Crimes Code a defendant charged with murder was not entitled to a jury instruction on involuntary manslaughter. In these circumstances, the statutory presumption that [appellee's] failure to pursue the issue on direct appeal was "a knowing and understanding failure" stands unrebutted. 19 P.S. § 1180–4(b)(2), (c). . . .

489 Pa. at 195, 413 A.2d at 1081.

 Before us is neither a claim of ineffective assistance of counsel nor any extraordinary circumstance justifying appellee's failure to raise on direct appeal the trial court's

7. We note that the Crimes Code was enacted on December 6, 1972 and became effective June 6, 1973. The act in question occurred on December 1, 1973, subsequent to the effective date of the Crimes Code, and appellee's trial commenced in February 1974.

refusal charge as requested.[8] Accordingly, the issue has been waived, and the order of the PCHA Court is reversed.[9]

8. Appellee argues that justice can not be served by awarding a new trial only to co-defendant Gartner, the one who fired the fatal shot. We disagree. The law is clear that an accomplice need not be prosecuted or convicted in the same manner as the principal. *See* 18 Pa.C.S.A. § 306(g); *Commonwealth v. Parmer*, 364 Pa. 11, 14, 70 A.2d 296, 297 (1950).

9. Unlike the appellant in *Zillgitt*, appellee did in fact file a PCHA petition alleging ineffectiveness of counsel. However, both the PCHA Court and a special transfer docket panel of the Superior Court rejected that claim. Appellee was entitled to petition this Court for allowance of appeal from the order of the special transfer docket panel, but failed to do so.