J-S50037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEROY CALBERT, | |
| Appellant | No. 395 EDA 2017 |

Appeal from the PCRA Order entered January 9, 2017,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0002065-2013.

BEFORE:  PANELLA, MOULTON, and RANSOM, JJ.

MEMORANDUM BY RANSOM, J.:                    **FILED OCTOBER 02, 2017**

Appellant, Leroy Calbert, appeals *pro se* from the January 9, 2017 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate and remand with instructions.

The pertinent facts and procedural history, as gleaned from our review of the certified record, are as follows.  On November 23, 2013, Appellant entered a counseled, negotiated guilty plea to various drug charges at two separate criminal dockets, and he was sentenced that same day to an aggregate term of ten to twenty years of imprisonment.  On December 5, 2013, Appellant *pro se* filed a notice of appeal, along with a *pro se* request for leave to withdraw his guilty plea, as well as a motion to withdraw his guilty plea.  The trial court appointed counsel to represent Appellant but did not address the withdrawal motion given Appellant's filing of an appeal.

On appeal, Appellant claimed that his plea was unknowing because he did not know the sentences at each docket were to be imposed consecutively. In an unpublished memorandum filed on November 25, 2014, we found this claim waived for failure to preserve the challenge to the guilty plea "prior to sentencing, at sentencing, or in a timely post-sentence motion." **Commonwealth v. Calbert**, 113 A.3d 358, *8 (Pa. Super. 2014), *appeal denied*, 117 A.3d 295 (Pa. 2015). Thus, this Court affirmed Appellant's judgment of sentence.[1]

On February 3, 2016, Appellant timely and *pro se* filed a PCRA petition. The PCRA court appointed counsel, who was later permitted to withdraw, and the court appointed new counsel. Thereafter, Appellant filed a motion to proceed *pro se*. Following a **Grazier**[2] hearing, that PCRA court granted Appellant's request. The Commonwealth filed an answer to Appellant's *pro se* petition. On October 19, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition

---

[1] Before doing so we noted that, although Appellant was represented by new counsel on appeal, the record did not contain any order granting Appellant's original trial counsel leave to withdraw. **See Calbert**, at *6-7 n.1. In fact, we stated that "Appellant does not explain what occurred to his original trial counsel following the plea, or why [he] acted in a *pro se* capacity when he filed" his notice of appeal and other motions. **Id.** In addition, we noted that nothing in the record indicated that Appellant's *pro se* filings were forwarded to trial counsel, who remained counsel of record, pursuant to Pa.R.Crim.P. 5769(A)(4).

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

without a hearing. Appellant filed a response. By order entered January 9, 2017, the PCRA court dismissed Appellant's petition. This *pro se* appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

1. Did Guilty Plea Counsel Fincourt Shelton[,] and Direct Appeal Counsel, James Peters and William Wismer render ineffective assistance?

2. Was Guilty Plea Counsel, Fincourt Shelton, ineffective for failing to perfect [Appellant's] appellate rights and Direct Appeal Counsel James Peters and William Wismer ineffective for failing to raise Guilty Plea Counsel's ineffectiveness?

3. Was Direct Appeal Counsel, James Peters and William Wismer, ineffective and [Appellant] prejudiced by their failure to object to and request correction or modification of a doctored transcript introduced by the Commonwealth?

4. Was Guilty Plea Counsel ineffective for failing to acquire discovery prior to advising [Appellant] to plead guilty?

5. Was [Guilty Plea Counsel] ineffective for advising [Appellant] to plead guilty despite the existence of a meritorious suppression claim?

6. Does an invalid warrant render the evidence seized constitutionally infirm?

7. Was [Appellant's] arrest made in violation of the Municipal Police Jurisdiction Act (MPJA) and did the violation prejudiced [sic] [Appellant]?

8. Was [Appellant's] arrest unlawful?

9. Did Guilty Plea Counsel render ineffective assistance for inadequately explaining [Appellant's] rights, for lack of communication, and by advising [Appellant] to waive his pre-sentence investigation?

10.   Was [Guilty Plea Counsel] ineffective for failing to seek post-sentence withdraw of guilty plea colloquy [sic] and violation of Pennsylvania's Forfeiture Act?

11.   Is [Appellant's] guilty plea, induced by [Guilty Plea Counsel] threatening to withdraw, legally void?

12.   Was [the] plea colloquy defective for failing to delve into the six questions stated in Rule 590 of Pennsylvania's Rules of Appellate [sic] Procedure?

13.   Does the Commonwealth's violation of Pennsylvania's Forfeiture Act render [Appellant's] sentence illegal?

14.   Did the cumulative impact of all of the errors deprive [Appellant] of adequate representation and due process?

Appellant's Brief at 4-7.

When examining a post-conviction court's grant or denial of relief, we are limited to determining whether the court's findings were supported by the record and whether the court's order is otherwise free of legal error. *Commonwealth v. Quaranibal*, 763 A.2d 941, 942 (Pa. Super. 2000). We will not disturb findings that are supported in the record. *Id.* The PCRA provides no absolute right to a hearing, and the post-conviction court may elect to dismiss a petition after thoroughly reviewing the claims presented and determining that they are utterly without support in the record. *Id.*

Moreover, to be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2) and that the issues he raises have not been previously litigated. *Commonwealth v. Carpenter*, 725 A.2d 154, 160

(Pa. 1999). An issue has been "previously litigated" if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. *Carpenter*, 725 A.2d at 160; 42 Pa.C.S.A. § 9544(a)(2), (3). If a claim has not been previously litigated, the petitioner must then prove that the issue was not waived. *Carpenter*, 725 A.2d at 160. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

Because Appellant "could have raised" his issues 6, 7, 8, 11, and 12 "but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding," they are deemed waived. 42 Pa.C.S.A. § 9544(b). *See also Commonwealth v. Pfaff*, 437 A.2d 1188, 1191 (Pa. 1981) (explaining that absent any claim of ineffective assistance of counsel justifying petitioner's failure to raise on direct appeal an error in the court's instructions to the jury, the issue was waived).[3]

---

[3] These claims are also waived because Appellant failed to raise them in his Pa.R.A.P. 1925(b) statement. *Commonwealth v. Smith*, 146 A.2d 257, 262 (Pa. Super. 2016).

In his thirteenth issue, Appellant challenges the legality of his sentence. Such a claim is not subject to waiver, provided it is properly developed. *See Commonwealth v. Bowers*, 25 A.3d 349, 352 (Pa. Super. 2011) (explaining that a challenge to the legality of a sentence may be raised as a matter of right and is not subject to waiver). Here, however, Appellant asserts in only the most cursory fashion that his consent to forfeit his car as part of his plea agreement violated Pennsylvania's forfeiture statute. *See* Appellant's Brief at 43-44. This claim is undeveloped and, therefore, waived. *See generally*, *Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).

Because Appellant's remaining claims challenge the stewardship of prior counsel, we apply the following principles. Counsel is presumed to be effective, and Appellant has the burden of proving otherwise. *Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa. Super. 2004).

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Meadows*, 567 Pa. 344, 787 A.2d 312,
319-20 (2001).

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005). In assessing a claim of ineffectiveness, when it is clear that an appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Further, Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

Before an evidentiary hearing will be granted, a PCRA petitioner "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Commonwealth v. Begley*, 780 A.2d 605, 635 (Pa. 2001) (quoting *Commonwealth v. Pettus*, 424 A.2d 1332, 1335 (Pa. 1981).

We first address Appellant's third issue in which he asserts that direct appeal counsel were ineffective for failing to object to, and request correction or modification of, a "doctored" transcript introduced into the certified record by the Commonwealth. According to Appellant, the transcript that appeared in the certified record when his appeal was decided did not include fourteen pages in which he initially rejected the plea

agreement offered by the Commonwealth, his desire to go to trial, and the trial court's offering of a continuance so that he could more fully consider the plea offer. *See* Appellant's Brief at 20. Appellant also contends that these pages would demonstrate guilty plea counsel's "off the record—coercing [him] into forgoing the continuance." *Id.* (footnote omitted). Appellant avers that "[c]omparison of both of the [] transcripts not only support these allegations but the editing out of the first 14 pages by the state will also shock the conscience of any fair-minded jurist." Appellant's Brief at 20.

Appellant's claim lacks arguable merit. Initially, we note that transcripts generally are prepared at the defendant's request following the filing of an appeal. The Commonwealth is not involved in the process, and, although the certified record now includes another copy of the guilty plea colloquy that includes his initial rejection of the plea offer, Appellant proffers no evidence that the Commonwealth interfered in any way with the preparation of any transcript. Moreover, on appeal this Court affirmed his judgment of sentence based upon a finding of waiver for failing to file a timely motion to withdraw his plea. *See Calbert*, at 8-10. Thus, the absence of the initially omitted pages is of no consequence, and therefore, Appellant cannot establish prejudice.

Appellant's remaining ineffectiveness claims involve Guilty Plea Counsel's effectiveness both before and after the entry of the plea. We first address Appellant's claims involving guilty plea counsel's failure to file a

motion to withdraw his guilty plea and/or to perfect an appeal even though Appellant asserts that he asked him to do so. According to Appellant,

> [i]mmediately following the [p]lea, Appellant requested counsel to file a [m]otion to [w]ithdraw the plea. However, [c]ounsel not only failed to do so but also failed to consult with Appellant without formally seeking or being granted leave to withdraw[.] Appellant, in a desperate attempt to preserve his appeal rights, was left to [*pro se*] file a[n untimely] [p]ost [s]entence [m]otion to [w]ithdraw his [g]uilty [p]leas[.]

Appellant's Brief at 8. Moreover, as noted above, on direct appeal we questioned plea counsel's status and further questioned why Appellant's pro se filings were not forwarded to him. **See, supra,** n.1.

Neither the PCRA court nor the Commonwealth directly addresses this claim.[4] Rather, both assert that the guilty plea proceedings establish that Guilty Plea Counsel's representation was effective. As correctly recognized by Appellant, however, if counsel is found to have ignored a petitioner's request to file an appeal, or did not consult with him regarding same, the petitioner is entitled to the reinstatement of his appeal rights *nunc pro tunc* and no merit analysis of any other issues occurs. **See** Appellant's Brief at

---

[4] The Commonwealth did reference a letter to Guilty Plea Counsel that Appellant had attached to his *pro se* PCRA petition. This letter was dated ten days after entry of the pleas. The Commonwealth therefore argues "[t]here is no suggestion that counsel was aware of [Appellant's] claim before the ten-day period to file for a motion to withdraw [the plea] expired." Commonwealth's Brief at 22. As noted **infra**, Appellant's assertions have raised a factual issue to be resolved at an evidentiary hearing.

14; *see also Commonwealth v. Donaghy*, 33 A.3d 12, 15-17 (Pa. Super. 2011) (reiterating that when a defendant clearly asks for an appeal and counsel fails to file one or consult with his client, a presumption of prejudice arises regardless of the merits of the underlying claims).

Given these circumstances, we agree with Appellant that he has raised a genuine issue of material fact which warrants remanding this case for an evidentiary hearing. Although Appellant litigated a counseled appeal in this case, the raising of a non-preserved issue resulting in a finding of waiver has been determined by our Supreme Court to be the functional equivalent of no appeal. *See, generally*, *Commonwealth v. Rosado*, 150 A.3d 425 (Pa. 2016). We therefore vacate the order denying Appellant's PCRA petition and remand for an evidentiary hearing so that plea counsel can answer Appellant's assertions regarding the quality of his representation.[5]

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[5] Although within this same issue, Appellant raises a layered claim of appellate counsel ineffectiveness, the claim is waived for failure to raise it in his Pa.R.A.P. 1925(b) statement. *See* n.3, *supra*. In addition, given our remand, we need not address Appellant's fourteenth claim in which he alleges cumulative prejudice.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *10/2/2017*